## ARGUED AND DETERMINED

### IN THE

## Supreme Court of Errors

### OF THE

## STATE OF CONNECTICUT.

GRIDLEY and wife *against* ANDREWS and others:

### IN ERROR.

To make pecuniary legacies a charge upon the real estate, as against the residuary devisee, a clear intention must be manifest from the will, that such devisee shall take subject to the legacies.

Therefore, where the testator gave several pecuniary legacies to his daughters, which he directed to be paid on or before the expiration of one year after his decease, and then devised the rest and residue of his estate, both real and personal, to his son; and it appeared, that at the time of making the will, the testator had personal property more than sufficient to pay his debts and such legacies, but in consequence of the subsequent conversion of personal into real estate, his personal estate, at the time of his death, was sufficient to pay his debts only, without payment of any part of his legacies; it was held, on a bill in chancery brought by one of the legatees for satisfaction of her legacy out of the real estate devised to the son, that the legacies were not charged on the real estate; and consequently, the bill was dismissed.

THIS was a bill in chancery for the payment of a legacy from the proceeds of the real estate of the testator.

The case, as stated in the bill and answer, and found by the court, was as follows. In 1819, *Josiah Andrews* of *Southington*, made his will, by which he gave to his wife *Ruth*, the sum of 200 dollars in addition to what he was bound to give her, by an agreement between them before marriage; to each of his

*Hartford,*
*June, 1830.*

Gridley
*v.*
Andrews.

daughters, *Zerish Newell, Lois Gridley, Susanna Gridley, Lucy Tharpe* and *Paulina Wilcox,* he gave the sum of 500 dollars, in addition to such sums as he might see fit to give them before his decease ; and to his daughter *Abigail Rebecca Finch* he gave the sum of 50 dollars. These legacies to his daughters he directed to be paid on or before the expiration of one year after his decease. He then gave certain lands and a debt secured by mortgage to the children of his daughter *Abigail.* At the close of the will was this clause : "And all the rest and residue of my estate, both real and personal, I give to my son *Josiah B. Andrews,* to him and his heirs forever." In *October,* 1828, the testator died, and his will was duly proved and established. The children named in the will are still living ; *Lois Gridley,* the plaintiff, being one of them. At the time when the will was made, and until his death, the testator owned a large real estate, consisting of lands and buildings in *Southington,* much more than sufficient to pay all the debts which he owed at the time of his decease, together with the legacies given by the will and the charges of settling the estate. The personal estate left by the testator, at his death, was sufficient to pay his debts and all other claims against his estate, except the legacies before mentioned, but was exhausted, by the satisfaction of such debts and claims, without payment of any part of the legacies. At the time when the will was made, the testator, also, owned personal estate, consisting of cattle, horses, farming utensils and money at interest, to the amount of 5000 dollars, and much more than sufficient to satisfy all debts and claims due from the testator and the legacies mentioned in the will ; and after that time, he purchased real estate of the value of 4000 dollars, which he paid for from the avails of such personal estate, and held it at the time of his death ; a share of which descended to *Lois Gridley,* the plaintiff, as heir at law of the testator. This conversion of personal property into real estate, as the defendants claimed, was the reason why the testator had not, at the time of his death, sufficient personal estate to pay the legacies. On these facts the court dismissed the bill. By a motion in error, made by the plaintiff, the case was then brought before this Court for revision.

*W. W. Ellsworth,* for the plaintiffs in error, insisted, That the legacies were to be paid out of the testator's estate, if he

had estate of any kind left after payment of the debts, sufficient to satisfy them. The will expresses an intention to dispose of the testator's whole estate. The real and personal estate is thrown into one undistinguished mass, and is considered as a common fund, from which provision is to be made, in the first place, for the wife of the testator, then for his daughters, and lastly, for his son. It is as clearly the intention of the testator, that the daughters should have the provision made for them, as that his son should have the residue of his property. It is the common case of a father dividing his estate among his children. In *England*, the rule is different, by reason of the unyielding and all-controuling principle, that the heir is to be protected, and the real estate kept for him. Hence a devise of a *farm*, there, gives only a life estate. So a simple contract debt, there, is no charge on land. The principle alluded to results from and is interwoven with their political institutions. Here, there is nothing to prevent our regarding the actual intention of the testator. With us a gift of the thing carries the whole interest; and the real estate is by law charged with the payment of all the debts.

The facts in the case relied upon by the defendants, do not shew, that the testator intended that the legacies should be paid out of the personal estate only. But you cannot enquire into the state of the testator's property, for the purpose of explaining the will. Here is no apparent ambiguity; nothing that needs explanation. 3 *Stark. Ev.* 1697. *Stead* v. *Newdigate*, 2 *Meriv.* 531. *Tole* v. *Hardy*, 6 *Cowen* 341.

All the cases involving the question whether the legacies given by the will shall be a charge upon the realty, turn, ultimately, upon the *intention* of the testator. But, in this case, it is impossible to doubt, that the testator intended the legacies should be paid from the estate devised; and no rule of law or principle of policy will be impugned, by carrying such intention into effect. The case of *Swift* v. *Edson*, 5 *Conn. Rep.* 532. does not involve this point; nor does that of *Goodwin* v. *Chaffee*, 4 *Conn. Rep.* 163.

*N. Smith* and *Hungerford*, for the defendants in error, insisted, 1. That it is an established rule, that pecuniary legacies shall not be raised out of the real estate, to the loss and disappointment of the residuary devisee, unless there is a manifest intention that such devisee shall take subject to the legacies.

*Hartford,*
June, 1830.

Gridley
*v.*
Andrews.

Such intention must be expressly declared, or clearly inferible from the language and dispositions of the will. With regard to debts, the rule is different, and for a good reason; because justice requires that creditors should be paid in preference to volunteers of any description; but a legacy is a mere matter of favour; and a legatee, to say the least, stands on no higher ground than a residuary devisee. *Knightly* v. *Knightly*, 2 *Ves.* jun. 328. *Keeling* v. *Brown*, 5 *Ves.* jun. 359. *Lupton &* al. v. *Lupton &* al. 2 *Johns. Chan. Rep.* 614.

2. That neither the direction of the testator that the legacies given by the will should be paid within one year after his decease, nor the terms of the residuary clause—"the rest and residue of my estate,"—nor any other expressions of the will, nor its dispositions generally, were sufficient to shew an intention to change the real estate. This position is fully supported, by the authorities above cited, and the case of *Swift* v. *Edson &* al. 5 *Conn. Rep.* 531. decided by this Court.

3. That if the intention of the testator was such as the plaintiff claims it to have been, still under the circumstances of this case, she has no reason to complain, as she has received more than an equivalent for her legacy, in her share of the after-purchased estate.

BISSELL, J. The only question is, whether the legacies given by the will, are chargeable on the real estate, devised to *Josiah B. Andrews.*

It has been contended, that it was obviously the intention of the testator, that these legacies should be paid; and that the intention ought to govern. It is undoubtedly true, that in giving a construction to a last will and testament, the intent of the testator is to prevail. And it is equally true, that in ascertaining this intent, certain established principles are to be observed. Was it the intent of the testator, that the legacies in question were to be charged on his real estate?

The facts found in the case, go very far to show that such could not have been his intention. At the time of making his will, he had personal property more than sufficient to pay all debts and legacies. How, then, could he have intended to subject his real estate to their payment?

But admitting, as has been contended, that the facts set forth in the answer, are not to be taken into consideration; and that we are to look only upon the will, in giving a con-

struction to it ; there is no rule better established, none *Hartford,*
June, 1830. which rests on higher authority, than that pecuniary legacies are never to be charged on real estate, unless such an intention be clearly expressed by the testator. Is there a clear Gridley
*v.*
Andrews. expression of such an intention, in the case now before us ? I think not. The testator does not even direct the legacies to be *paid ;* as was done in *Knightly* v. *Knightly,* 2 *Ves.* 328. and in *Swift* v. *Edson,* 5 *Conn. Rep.* 531. There is no clause in the will, from which the intent to charge the legacies on the real estate, can be even remotely inferred, excepting that in which the testator devises the " rest and residue of his estate ;"—and from this clause it has been contended, that such intent is irresistibly to be inferred. The consequence of such a construction would be, that in every case where pecuniary legacies are given by a will cantaining a residuary clause, such legacies are of course chargeable on the lands devised. Such a construction, I hardly need say, would directly contravene the whole course of decisions on this subject. *Keeling* v. *Brown,* 5 *Ves.* jun. 359. *Lupton* v. *Lupton,* 2 *Johns. Chan. Rep.* 614. *Powell on Devises,* 122. 141. *Toller's Executors,* 7. 8.

It is, however, said, that these authorities are not binding here : and although the rule be, as contended for, in *Great Britain,* where a powerful landed aristocracy exists, and where every encroachment on the inheritance is regarded with an unceasing and watchful jealousy ; yet here there is no reason for the application of a technical rule, by which the intention of the testator is often defeated. In reply, it may be said, that a principle of the common law, so long established, and so uniformly acquiesced in, ought not to be, lightly, departed from ; as every innovation of such a character tends to produce uncertainty, and to disturb the foundation of titles. Besides, this question has been directly decided, by this Court, in the case of *Swift* v. *Edson,* already cited. There, the testatrix gave pecuniary legacies, to a large amount. She expressly directed, that these legacies should *be paid.* There was a devise over, of the residue and remainder of her estate. There, at the time of making her will, the testatrix was possessed of sufficient personal estate to pay all debts and legacies. The personal was afterwards, and during her life, converted into real estate, by the foreclosure of several outstanding mortgages. There was a deficiency of personal estate for

*Hartford,*
*June, 1830.*

Gridley
*v.*
Andrews.

the payment of legacies. There the prayer was, that the real estate, which had been obtained by such foreclosures, might be applied to the payment of the legacies. As to that relief, the bill was dismissed, and the Chief Justice, in pronouncing the opinion of the Court, adverts to the well settled distinction between a charge upon the realty, whether it be for the payment of debts or legacies. As to the latter, he says: "There must be a clear, manifest intention that the heir or devisee shall take subject to the legacies."—In my opinion, there is no such clear, manifest intention in the case before us, and no error in the judgment of the superior court.

The other Judges were of the same opinion, except WILLIAMS, J., who gave no opinion, having been of counsel in the cause.

Judgment affirmed.