# ORLEANS COUNTY,

---

### FRANCIS JOHNSON *v.* ALFRED A. BURNHAM.

An officer, who charges a greater amount of fees, than is allowed by law, for
serving a writ, and who receives the amount so charged from the plaintiff in that
suit, while that suit is pending in court, is liable to the plaintiff, from whom
he so receives payment, for the penalty imposed by statute for receiving illegal
fees, notwithstanding the plaintiff subsequently obtained judgment in his favor,
in the suit in which the fees were charged, and the fees, as charged by the
officer, were taxed in the bill of cost and paid to the attorney of the plaintiff
by the defendant in that suit.

THIS was an action against the defendant for taking more than
legal fees for serving a writ in favor of the plaintiff upon one Norton.
Plea, the general issue, and trial by the court, June Term, 1850,—
POLAND, J., presiding.

On trial the facts appeared as follows. The writ in favor of the
plaintiff against Norton was served by the defendant in October,
1846, and upon the writ the defendant taxed his fees, as follows;—
" Travel, $0,60 ; 2 copies, $6,00 ; paid clerk, $0,20." The plain-
tiff proved, that the copies would amount to no more than eighty
five cents each, making an excess, in the defendant's charge for the
copies, of $4,30. The suit in favor of the plaintiff against Norton
was entered in Orange county court, and while it was there pend-
ing the defendant called upon the plaintiff to pay his fees for serving
the writ; and the plaintiff paid them, as charged on the writ. This
payment was made in the autumn of 1847; and this suit was com-
menced against the defendant in the autumn of 1848. The plaintiff
obtained final judgment in his suit against Norton at the June
Term, 1848, of Orange county court; and in his taxation of costs
in that suit against Norton the service of the writ was taxed and
allowed at the same sum charged by the defendant on the writ, as

above stated. An execution was subsequently issued upon the judgment in favor of the plaintiff against Norton, and the amount of the judgment was collected and paid to the plaintiff's attorney in that suit, April 6, 1849.

Upon these facts the county court rendered judgment for the defendant. Exceptions by plaintiff.

*C. W. Prentiss*, for plaintiff, cited *Dunlap* v. *Curtis*, 10 Mass. 210.

*Bartlett & Bingham*, for defendant, insisted, that the plaintiff was not the party aggrieved by the taking of the illegal fees by the defendant, and so could not sustain this action.

The opinion of the court was delivered by

BENNETT, J. This is a most palpable case of taking illegal fees by the defendant. The copies were charged at three dollars each, when the case shows, that each copy, at the rate of charge fixed by the statute, would amount only to eighty five cents. The facts were all before the defendant; and as it is to be taken, that every man knows the law, no question can arise as to the *scienter* and motives of the defendant.

The only question, which can be made, is, whether the plaintiff is the party aggrieved. The sixteenth section of chap. 106 of the Revised Statutes provides, that if any *officer*, or other person, shall receive any greater fees, than is provided by law, he shall pay to the person aggrieved ten dollars for each dollar excess of fees, so received, and in the same proportion for a greater or less sum. The plaintiff is the only person, who has paid the defendant the money. The defendant served the writ on Norton upon the credit of the plaintiff, and while the suit against Norton was pending he presented his account to the plaintiff for payment, and the plaintiff paid him. The extortion, to be punished by a penalty against an officer, who receives more than lawful fees by color of his office, implies a right in the officer to demand fees of the person who pays them. The officer had no claim for fees against Norton, and none could be demanded of him by the defendant, under color of his office. The defendant received the illegal fees from the plaintiff, and from no other source.

Johnson *v.* Burnham.

The right of action was complete, when the money was paid, and the statute of limitation would then commence running.

The fact, that the illegal fees were subsequently taxed in the bill of costs against Norton, and collected by the attorney from him,. cannot affect the merits of the question. If they were corruptly taxed by the attorney of the plaintiff in that action, or by the clerk, a new offence would arise under the previous sections of the statute, and the defendant in that action would be the party aggrieved and might well sue for the penalty.

The judgment of the county court is reversed, and the cause remanded to the county court.