Stoddard *v.* Couch.

STODDARD *vs.* COUCH.

The act imposing a penalty upon any officer who has served a writ, for endorsing thereon or receiving more than his lawful fees, (Rev. Stat., tit. 49, § 23,) is a penal act.

Such act relates to the taking of unlawful fees in civil suits only.

Therefore, where the plaintiff alleged substantially in his declaration, that the defendant, as a constable of the town of D, arrested the plaintiff, by virtue of a warrant issued upon a complaint of a grand-juror, charging him with the commission of a riot, and carried him before a justice of the peace, who rendered judgment that he should pay a fine of five dollars, and the costs of prosecution, in pursuance of which he was compelled to pay, and did pay said fine, and the costs endorsed on said warrant, which latter were received by the defendant, who unlawfully included in those items seven dollars and ten cents more than his legal fees; it was held, that the offence charged against the defendant was not embraced in said act.

THIS was an action on the statute entitled "an act relating to sheriffs."* The declaration contained the following allegations.

* The following is that part of the statute upon which the action was founded.

" SEC. 23.   If any officer, who has served a writ, shall endorse thereon more than his legal fees, or demand, or receive more than his legal fees, he shall forfeit threefold the amount of the excess; and if any officer, who has levied an execution on real estate, shall endorse thereon or include in his levy, more than his legal fees, he shall forfeit threefold the amount of all the fees charged, to be recovered in each case, by the person against whom the illegal charge has been made, by action on this statute."

The defendant, as a constable of the town of Derby, arrested the plaintiff, and carried him before a justice of the peace, by virtue of a warrant issued upon the complaint of a grand-juror, charging the plaintiff with the commission of a riot. The plaintiff pleaded guilty, and the justice rendered judgment that he should pay a fine of five dollars, and the costs of prosecution, and stand committed until the sentence was complied with. In pursuance of the judgment, the plaintiff was compelled to pay and did pay the fine and costs, amounting to $13.59.

The defendant endorsed on the writ or warrant, the following items of fees, to wit:

| | |
|---|---:|
| " Travel to arrest, - - - - | $0.15 |
| Travel to court with the prisoner, - - | .75 |
| Cash paid assistance in arresting prisoner, - | 3.00 |
| Cash paid for keepers, - - - | 2.00 |
| Holding prisoner in custody, - - - | 2.00." |

These several items were a part of the amount of costs paid by the plaintiff, and were received by the defendant; and the defendant fraudulently, and unlawfully, included in those items the sum of $7.10, more than his legal fees, and that by force of the statute, the defendant had forfeited three-fold that amount, being $21.30, to recover which the action was brought.

It came before the county court, by appeal from the decision of a justice of the peace. The defendant pleaded the general issue, which the court found in favor of the plaintiff, and rendered judgment accordingly. The defendant filed his motion in error, and the case, in the superior court, was reserved for the advice of this court.

*Wooster*, in support of the motion.

*Monson*, contra.

WAITE, J. The question presented upon this record, is, whether the offence charged against the defendant, in the

declaration, is within the provisions of the statute, upon which it is founded.

The fees taken, by the defendant, were for the service of a warrant in a criminal case. The statute relates to the taking of unlawful fees in a civil case. It provides that "if any officer, who has served a writ, shall endorse thereon more than his legal fees, or demand or receive more than his legal fees, he shall forfeit threefold the amount of the excess."

No person, therefore, but an officer who has served a writ, is made liable to the penalty. The term writ, as used in our statutes, generally means process in a civil suit, while that in a criminal case is usually denominated a warrant.

Again, the person, entitled to sue for and recover the penalty, is "the person, against whom the illegal charge has been made." This, in a civil suit, is the plaintiff, or the person by whom the officer was employed to make service of the process.

But, in a criminal prosecution, the fees of the officer are not, strictly speaking, chargeable against the defendant. He can only be rendered liable for the payment, by the judgment of the court, and if he is acquitted he has nothing to do with them.

It is said that the object of the legislature was, in all cases, to prevent officers from charging, and taking, unlawful fees for serving process. The statute, undoubtedly, might have been so framed as to embrace every act of that kind, but the enquiry now is whether it does so.

There may have been good reasons for not extending the operation of the statute to criminal cases. An officer, who serves a writ in a civil case, is entitled to compensation immediately upon the performance of the service, and his right to his fees does not depend upon any allowance, or taxation by a judge or court.

This is not so in a criminal case. Before he becomes entitled to his fees, they must be taxed and allowed by the court having cognizance of the case. If the defendant is

acquitted, or if convicted, and the costs cannot be obtained out of his estate, the court draws an order upon the public treasury for the amount. And thus, through the medium of the court, are the fees of the officer obtained.

The legislature may have deemed this supervision of the court over the fees of the officer a sufficient protection against their illegality, without the necessity of enforcing a penalty for improper charges. Indeed, in certain cases, the statute vests in the court a sort of discretionary power, as to the allowance of officers' fees. Statutes 1849, p. 269.

And the more effectually to guard against the allowance of unlawful charges, the supreme court of errors, by a recent rule, has declared that "no bill of costs in a criminal cause will be taxed against the state, until it has been carefully examined by the state's attorney," whose business it is to take care of the interests of the state, "nor unless he certifies, that, in his opinion, the same is reasonable and just." 18 Conn. R., 571.

The statute upon which the present action is founded, is a penal one, to be construed strictly, and not to be extended beyond the clear import of the language used. *Daggett* v. *The State*, 4 Conn. R., 61. *Gleason* v. *Gary*, 4 Conn. R., 418. *Rawson* v. *The State*, 19 Conn. R., 292.

In our opinion, it does not embrace the offence set out in the declaration, and therefore the judgment of the county court is erroneous, and we so advise the superior court.

In this opinion the other judges concurred.

Judgment reversed.