# Commonwealth v. Loesch, Appellant.

*Liquor law—Sale to members of club—Charge of court.*

On an indictment for selling liquor without a license, evidence for the commonwealth tended to show that the defendant, at a picnic given by a club, sold tickets exchangeable for beer, not only to members of the club, but also to other persons. The court affirmed a point presented by defendant to the effect that the sale of such tickets to members of the club was not an infraction of the law. In the general charge the court said: " The defendant could not sell to persons not members of the society; if he sold to them he is liable, for it is his business to know whether the person is entitled to buy." *Held*, that there was no inconsistency between the charge and the answer to the point, and that a judgment on a verdict against the defendant should be sustained.

*Club—Selling liquors to members.*

Not considered whether a club has a right to sell liquors to its members at a profit.

Argued Feb. 1, 1893. Appeal, No. 163, Jan. T., 1893, by defendant, A. Loesch, from judgment of Q. S. Montgomery Co., June T., 1892, No. 81, on an indictment for selling liquor without a license. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Indictment for selling liquor without a license, and on Sunday.

The facts appear by the charge as follows, by SWARTZ, P. J.:

" The Germania Turnverein, a chartered organization for gymnastic training and social enjoyment, has its hall or place of business in Philadelphia. A committee of the organization leased the grove at Fairview Heights, Montgomery county, for holding its annual picnic. The picnic was held on Sunday, May 29, 1892. The society has a membership of six or seven hundred. The lease stipulated that the picnic grounds for the

day should be under the possession and control of the organization.

"The society purchased seventy-five kegs of lager beer, the greater part being quarter barrels and the balance contained each one sixth of a barrel. This beer was carried to the grounds on the day previous to the picnic.

"Tickets were sold by the defendant and others who were all members of the society. These tickets entitled the holder to purchase five cents worth of refreshments on the grounds, that is, the ticket was good for five cents worth of eatables or for a glass of lager beer, or the ticket could be used in payment for amusements.

"The picnic grounds were inclosed with a wire fence, and at the gate or entrance the society stationed persons whose duty it was to admit members and exclude others. On the way to the grounds from Philadelphia, badges were distributed to such as were members. The organization was so large and the membership so changeable from time to time that the president of the society says no one can determine without the books whether the persons attending the picnic were all members. And the defendant also says he could not tell whether all the persons to whom he sold tickets were members, as he did not know all the members, but he assumed all were members who applied for tickets because he supposed none but members were in the grove, as the society decided to admit only members to the ground.

["J. M. Randall and A. F. McConnell were employed as detectives] [5] to ascertain whether there was a violation of the liquor laws upon the grounds on Sunday, May 29, 1892. They came up to the gate of the grove from Philadelphia. They had no badges, but when they came to the gate they declared they belonged to the party, or at least said they came from Philadelphia, and produced their return coupon of the railroad ticket. When the return ticket was seen by the gate-men, badges were placed upon the applicants for admission and then they entered the grounds.

["During the day they bought tickets from the defendant, and then went to the beer stand and exchanged some of the tickets for lager beer,] [5] and some of the tickets so purchased they produce here in court.

" We are asked to instruct you that the sale of tickets to members upon which lager beer was obtained is not a violation of the law under the facts as shown in this case. The proceeds of the sale of these tickets went into the treasury of the society, and the beer was sold according to the testimony of the president at a profit. The money realized at these picnics over and above expenses went into the treasury and helped to maintain the society. Teachers were employed at its rooms in Philadelphia at considerable expense. We do not think it necessary to decide whether such a sale to a member constitutes a violation of the law, but for the purposes of this case we charge you that a sale to members is not a violation. [If you believe the evidence then there were sales to persons other than members and such sales clearly constitute a violation of the law.] [6]

[" When the defendant undertook to assist in the sale of lager beer on Sunday or any other day, he must be held to the responsibilities of his position. When he undertakes to sell to a particular class he must see that he does not sell to a prohibited class. A licensed dealer is liable if he sells to a minor, although at the time of such sale he may think the person of full age. A dealer is liable to punishment if he sells to a person of known intemperate habits; although he may not know of such habits, it is his business to know if he has such a reputation in the neighborhood. So here the defendant could not sell to persons not members of the society. If he sold to them he is liable, for it is his business to know whether the person is entitled to buy.] [1]

" It may be said that this is imposing an undue hardship. But we answer the defendant assumed the position voluntarily. It seems to us if the commonwealth were required to prove that the sale to outsiders or persons not members were under such circumstances made knowingly, few convictions could be sustained, although the violations in fact might be numerous. The defendant may say I believed the person was a member, and how can this declaration be disproved where he admits that he does not know the members of the organization ?

[" But what precautions were taken in this case ? Randall and McConnell came to the gate without the badges of membership. Suppose they did make statements that were intended to mislead the gate-man ? They had no proofs of membership and

none were demanded other than the railroad tickets, and these might be produced by any person coming from Philadelphia. Suppose false statements were made to secure admission? There was no effort made to have them verified, although there was nothing to distinguish the applicants from any other strangers who might desire admission. When once in the ground, no effort whatever was made to determine the right of the parties to buy beer. The tickets were sold to any adult offering to buy.] [2]

["Statements may have been made that were calculated to mislead the persons in charge of the gate, but this fact will not justify the sales that were made by the defendant. If you believe the evidence, the defendant is guilty on each bill in manner and form as he stands indicted. You, it is true, are the judges of the law as well as of the facts, but this means that you are to look to the court for the best evidence of the law, just as you are to look to the witnesses for the best evidence of the facts."] [3]

Defendant's point was as follows :

"The uncontradicted evidence being that the defendant is a member of the Germania Turnverein, a bona fide organization for gymnastic training and social enjoyment, having a valuable building for club and educational purposes, which organization was holding its annual picnic on Sunday, May 29, 1892, in Montgomery county, on which occasion the defendant sold tickets to fellow members for amusements, which tickets were also available for procuring refreshments, including lager beer; this does not constitute an infraction of the law and the verdict should be not guilty." Affirmed.

Verdict, guilty, on each bill. Sentence, $500 and three months imprisonment.

*Errors assigned,* were (1–3, 5, 6) portions of charge in brackets, quoting them ; (4) in not adhering to the affirmation of defendant's point, quoting point and answer.

*Irving P. Wanger, Irvin P. Knipe* and *Charles F. Linde* with him, for appellant.—In Com. v. Carey, 151 Pa. 368, this court decided that the act of May 13, 1887, did not refer to private hospitality.

It was intimated by Mr. Justice WILLIAMS, in his dissenting

opinion in the case of Com. v. Fleming, 130 Pa. 168, etc., that there might be cases in which this court would relieve the defendant from the punishment, and it is respectfully submitted this is such a case.

In the case of Carlson's License, 127 Pa. 335, the present Chief Justice, speaking of a holder of a license, said : " I would hold him to a strict compliance with the law : at the same time I would protect him in so far as he honestly attempts to comply with it, and would punish the individual who by falsehood induces him to violate it."

*Henry M. Brownback, James B. Holland* with him, for appellee.—Where persons engage in the lawful sales of liquor they do so at their peril, and when they violate the law it is not a question of intention : Com. v. Sellers, 130 Pa. 32 ; Com. v. Holstine, 132 Pa. 357 ; Carlson's License, 127 Pa. 335 ; Com. v. Prickett, 132 Pa. 374 ; Com. v. Zelt and Porter, 48 Leg. Int. 126.

OPINION BY MR. JUSTICE WILLIAMS, March 20, 1893 :

There is no réal inconsistency between the answer of the court below to the defendant's point, and the general charge. The point asserted that the uncontradicted evidence established certain facts, viz.: that the defendant was a member of the Germania Turnverein ; that this society was organized in good faith and for certain lawful purposes, and was the owner of a valuable club house ; that it was holding its annual picnic on Sunday, May 29, 1892, in Montgomery county ; and that the act of the defendant was the sale of tickets on that day to fellow members which were to be used in payment for meals, for lager beer, or for admission to the games and amusements on the ground. Upon these facts it asked the court to say as matter of law that the sale of the tickets was not an infraction of the law and that the verdict of the jury should be " not guilty." The learned judge affirmed this point. But the commonwealth alleged that the defendant sold these tickets to persons who were not members of the society, and it was for this that his conviction was asked. This was the controverted question of fact upon which evidence was given by both parties, and to which it was the duty of the learned judge to direct the attention of the jury. He said : " When the defendant undertakes

to sell to a particular class, he must see that he does not sell to a prohibited class ; " and then, after calling attention to restrictions placed by the law upon licensed dealers, he added: " So here, the defendant could not sell to persons not members of the society ; if he sold to them he is liable, for it is his business to know whether the person is entitled to buy." This instruction is clearly right. It would have been better if the learned judge had qualified his affirmance of the point by calling the attention of the jury directly to this disputed question, but the defendant cannot complain that he did not. By so much as the unqualified affirmance imported beyond the rule laid down in the general charge, it was more favorable to the defendant than he had a right to ask. The error, if any, was in his favor and he was not injured by it.

We do not consider the question of the right of a society to sell liquors to its members at a profit, for it is not raised on this record. The defendant's case was submitted to the jury upon a single question of fact: Did he sell the tickets exchangeable for beer, among other things, to persons who were not members of the Germania Turnverein ? If he did, the jury was told that he might properly be convicted. If he did not, they were plainly instructed that their verdict should be one of not guilty. Upon this question their finding was against the defendant. The verdict convicts him not of selling to his fellow members but of selling to other persons.

No more favorable mode of submitting his case could have been adopted ; and if injustice has been done by the verdict it is not chargeable to the instructions given by the learned judge.

If the jury have reached a wrong conclusion from the evidence before them, the remedy is in the court below by motion for a new trial.

The judgment of the court below is affirmed.