GEORGE W. LITTLEFIELD *vs.* LEROY M. COWLES.

First Judicial District, Hartford, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Section 955 of the General Statutes provides that if any officer shall in-
dorse, demand or receive, on any civil process, more than his legal
fees, he shall pay threefold the amount of all fees charged, to the
person against whom the illegal charge was made. *Held :*—

1. That where illegal charges had been made at one time for serving
writs in several suits, and the officer had demanded and received
one gross sum therefor, the plaintiff was not obliged to set forth in
separate counts and as distinct causes of action the illegal charges
in each case, but might allege them all in one count.

2. That the right of action for the statutory penalty was limited to the
person "against whom the illegal charge was made," *viz.*, the
plaintiff in the original action, or the person by whom the officer
was employed to serve the process ; and therefore the defendant
in such action, although he had settled the case and paid the offi-
cer's fees, could not maintain a suit for the penalty.

Argued October 8th—decided December 20th, 1901.

ACTION against a deputy-sheriff to recover the penalty
provided by statute for charging illegal fees, brought to the
Court of Common Pleas in Hartford County and tried to
the court, *Case, J.;* facts found and judgment rendered for
the plaintiff for $450 damages, and appeal by the defendant
for alleged errors in the rulings and findings of the court.
*Error and judgment reversed.*

The complaint alleged in a single count that on a certain
day eighteen writs of attachment, in favor of different plain-
tiffs, and all against the present plaintiff, who resided in the
town of Burlington, were, at New Britain, placed in the
hands of the defendant, a deputy-sheriff, for service ; that
the defendant served the same by pretending to attach cer-
tain wood belonging to the plaintiff, and returned the writs
to a justice of the peace, before whom they were returnable,
at Berlin ; that all of said writs were served at the same
time and returned on the same day ; that there were indorsed
upon each of said writs fees amounting to $11, the whole

amount so indorsed being $198; that the defendant charged more than his legal fees upon each, and demanded and received in payment of his fees so indorsed $150; that said sum exceeded his legal fees by $100, and that the plaintiff claimed by force of the statute to recover $450.

To this complaint the defendant demurred, upon the ground that eighteen separate and distinct causes of action were set forth in one count.

The court having overruled this demurrer, the defendant answered, denying that he had charged or received more than his legal fees upon said writs, and by special defenses alleged that he received said writs for service from W. F. Delaney, an attorney; that he charged his fees, as indorsed upon each writ, to said Delaney, and received payment from Delaney; that he neither charged nor received his fees from the present plaintiff, and that the plaintiff voluntarily paid to said Delaney the sum of $150 in full satisfaction of the officer's fees on said writs.

The court found that the writs in the eighteen actions against the present plaintiff were issued by the said Delaney for the collection of certain claims placed in his hands as an attorney, by certain laborers, and were received by the defendant from Delaney with instructions to attach certain wood belonging to this plaintiff, and to duly serve said writs; that the defendant having served them all at the same time and attached said wood, indorsed upon each writ his fees, amounting in each case to $11, one item in each case being $6.80 for 68 miles actually traveled by the defendant by the route taken by him, while there was another much shorter route which he might have taken; that said cases were not tried, and that in the settlement of said cases the present plaintiff by his attorney asked this defendant what discount he would make from the $198 indorsed as his fees, and that the defendant threw off $48 but refused to make further reduction, though requested by plaintiff's attorney to do so; that thereupon the present plaintiff gave two notes in settlement of said cases, payable to the order of said Delaney, in one of which was included the $150 for

said fees of the defendant, and that said last-named note was immediately discounted and the defendant was paid said sum of $150.

Upon these facts the defendant claimed that the fees in question were not charged to the plaintiff, within the meaning of the statute. The trial court, upon said facts, found that the defendant did not charge or intend to charge his fees against said Delaney, but that said fees were indorsed as a charge against this plaintiff and that Delaney received them from the plaintiff as the defendant's agent, and rendered judgment for the plaintiff for $450 and costs.

*Bernard F. Gaffney* and *William F. Delaney*, for the appellant (defendant).

*Theodore M. Maltbie*, with whom was *George E. Taft*, for the appellee (plaintiff).

HALL, J. The demurrer to the complaint was properly overruled by the trial court. If, by the act of demanding and receiving from the plaintiff the $150, the defendant charged that sum against the plaintiff, within the meaning of the word " charge " in the statute, the fact that the illegal fees charged in eighteen different suits were included in such gross sum, did not require the plaintiff to set forth in separate counts and as distinct causes of action the illegal charges in each case. The complaint names one sum, $11, as the amount of the fees indorsed upon each writ, and states that that sum was in excess of the legal fees in each case. If one entire sum was demanded and received by the defendant at one time, as the amount of the fees charged in all of the cases, the demanding and receiving that sum might, for the purpose of enabling the plaintiff to recover several forfeitures in one action, be properly treated as a single act of demanding and receiving illegal fees. *Barkhamsted* v. *Parsons*, 3 Conn. 1, 7 ; *Wells* v. *Cooper*, 57 id. 52.

Are the facts found sufficient to support the judgment rendered ? Section 955 of the General Statutes, upon which

this action is based, reads as follows : "Every officer serving any process shall indorse thereon the items of his fees, with the number of miles traveled by him ; and if any officer shall indorse, demand, or receive, on any civil process, more than his legal fees, he shall pay threefold the amount of all the fees charged, to the person against whom the illegal charge was made." To sustain this action it was therefore necessary for the plaintiff to show, not only that the defendant had either indorsed, demanded, or received more than his legal fees in one or more of the eighteen suits, but also that such illegal fees had been charged against the plaintiff.

The plaintiff in this action was the defendant in the eighteen suits in which the alleged illegal fees were charged by the present defendant. The officer's fees were indorsed upon each of the eighteen writs in the required form. When requested to do so by plaintiff's attorney at the time the cases were settled, this defendant refused to reduce his fees below the sum of $150. The defendant in fact received the $150 from Delaney, the attorney who employed him to serve the writs. Delaney obtained the money with which to pay the officer, by discounting a note payable to himself, given to him by the plaintiff Littlefield for the amount of the officer's fees and other costs in the several actions. If upon the facts found the plaintiff can maintain this action under the statute, it must be that the officer Cowles, by indorsing his fees upon the several writs, with the intention of looking only to the defendant in those suits for payment of his fees, and by refusing to further reduce his fees when requested by Littlefield's attorney, and by receiving the $150 from Delaney in the manner stated, charged his fees in said actions against the present plaintiff, within the meaning of the language of the statute cited.

The plaintiff claims that—within the meaning of that word in the statute—an officer charges his fees upon a civil process against the person from whom he demands and receives them, and that he demands and receives his fees for the service of civil process from the defendant named in such process, even if such fees are collected from the defendant and paid

Littlefield *v.* Cowles.

over to the officer by the plaintiff's attorney; in short, that "if such fees are collected of the defendant, no matter through what agency, then the illegal charge is made against him." The trial court adopted this meaning of the word "charge." The judge says, in his memorandum of decision: "Within the proper meaning of the section relied upon, the person who is 'charged' is he upon whom the ultimate liability to pay rests."

We do not think that the fact that the officer intended to look only to Littlefield, the present plaintiff, for the payment of his fees, and that he personally demanded the $150 from Littlefield and received it from him, and not from Delaney—assuming that these facts are properly found by the trial court—give the present plaintiff a right of action under the statute, unless the statute will admit of the construction that when an officer indorses, or receives, upon a civil process for the service thereof, more than his legal fees, the defendant named in such process may, upon being required to pay the amount of such charges, maintain an action against the officer to recover the penalty provided by the statute.

Strictly speaking, the defendant in a civil action is never legally liable to any person for the fees of the officer for the service of the writ. Payment of the amount of such fees can only be enforced from such defendant through a judgment of the court in the action in which the fees are charged, and only by the plaintiff or his representative, and then not as fees due the officer from such defendant, but as a part of the costs adjudged by the court to be due to the plaintiff; and against such ultimate liability for more than the amount of the legal fees chargeable, the defendant may protect himself by objecting in court to the taxation against him of any illegal charges made by the officer. Such charge as the officer makes by indorsing his fees upon the process, is made before it is returned to court, and such right as he can have at any time to charge his fees against some person for the service of the writ, or to receive them, he will have before the question of the ultimate liability of the defendant for any sum is determined. For the reason that the officer in

such case is not in the employ of the defendant named in the writ, and that such defendant does not by law become liable to the officer for his fees for the service of the writ, either before or after final judgment in the case, the officer cannot properly, within the ordinary meaning of that word, "charge" his fees against such defendant, but can only render his services upon the credit of and charge his fees for such services against the person who has employed him.

Had the legislature intended to give such right to recover the penalty provided, not only to the person employing the officer but also to the defendant in the action in which the illegal fees were charged, whenever the latter by a judgment or by a settlement of the case was required to pay the costs, we should not expect, in a statute of this character, to find the right of action expressly limited to the person against whom the illegal charge was made—who would presumably be the one against whom the officer had a right to make a charge—but that it would also in equally clear terms be given to the person thus ultimately required to pay the amount of such illegal fees.

This court had occasion to construe this statute in the case of *Stoddard* v. *Couch*, 23 Conn. 238. There the plaintiff claimed to be entitled to recover the penalty provided by the statute upon the ground that the defendant, a constable, by receiving illegal fees for the service of a warrant from the defendant in a criminal case, who by judgment of court was required to pay the costs, had charged his fees against such defendant, within the meaning of the statute. It was held that the statute was a penal one, "to be construed strictly, and not to be extended beyond the clear import of the language used;" that the officer's fees could not properly be said to be chargeable against the defendant in the case, although by the judgment of the court he was required to pay the costs; and, after stating that the statute only applied to civil actions, JUDGE WAITE in giving the opinion of the court, says: "Again, the person entitled to sue for and recover the penalty, is 'the person against whom the illegal charge has been made.' This, in a civil suit, is the plaintiff, or the per-

son by whom the officer was employed to make service of the process."

In holding that in actions for a penalty for receiving illegal fees the officer was not liable for having received such fees from the defendant, for the service of process in civil actions, the court said in *Dunlap* v. *Curtis*, 10 Mass. 210, and in *Johnson* v. *Burnham*, 22 Vt. 639, that the extortion to be punished by a penalty against an officer who received more than his lawful fees by color of his office, implied a right in the officer to demand the fees of the person who paid them.

The plaintiff in the case before us is not the person against whom the alleged illegal fees were charged, within the meaning of the statute, and he therefore cannot maintain the action.

The judgment of the trial court is erroneous and is reversed.

In this opinion the other judges concurred.