May 30, 1904.

————o————

No. 3506.

(Court of Appeal, Parish of Orleans.)

HERMAN WALDMIER, vs. WALTER G. DYCUS.

Appeal from Civil District Court Division B.

E. H. McCaleb, Jr., Plaintiff and Appellee.

Wickliffe and Falls, Defendant and Appellant.

To maintain an appeal as suspensive the appeal bond must exceed by one half the amount of the judgment appealed from.

ON MOTION TO DISMISS.

MOORE, J. From a monied judgment against him for the sum of $662.50 with legal interest thereon from judicial demand, Febuary 19th, 1903, the defendant obtained an order for a suspensive appeal "upon giving bond according to law".

He furnished a bond in the sum of $1000.00 and lodged the appeal here, and its dismissal is prayed for on the ground that the bond is insufficient in amount. The motion must prevail.

To maintain an appeal as suspensive the Code (Art 575 C. P.) requires that the appeal bond shall exceed by one half the judgment rendered, the interest being considered as part of the judgment.

251

The principal of the judgment herein is ..............$662.50
5 per cent interest thereon from February 19, 1903 to May
2, 1904 day of judgment 1 year, 2 mos. and 13 days is...... 38.64

                     Total amt of Judgment................. 701.14
To which add one half over and above................ 350.57

                     Making total of......................$1051.71
or $51.71 more than the bond calls for.
The appeal is therefore dismissed.

May 30, 1904.

### ON REHEARING ON MOTION TO DISMISS.

1   To maintain an appeal as suspensive the appeal bond must exceed by one half the amount of the judgment appealed from.

2.   Where, however, the amount of the appeal bond is too small to maintain the appeal as suspensive, *but is for the amount fixed by the Judge*, the appeal will be maintained as devolutive, but a subsequent order for a devolutive appeal fixing the amount of the bond and a compliance therewith by the appellant cannot have a retroactive effect nor cure defects in the prior appeal.

Former opinion and decree adhered to and the suspensive appeal is dismissed.

MOORE, J.   A rehearing was granted on the motion to dismiss solely on the ground that the brief of the appellee on the motion to dismiss had not been served upon the Counsel for the appellant as required by Sec 4 of Rule VI of our Court.

The motion was fixed for oral argument for the day following the granting of the re-hearing; was duly taken up, and argued and ample delay allowed the appellant to file briefs therein which he availed himself of.

The appellant's contentions now are:

1st.   That there is no motion pending to dismiss his appeal for as much as even up to this moment the brief of the appellee has not been served upon him.

There is no merit in this contention whatsoever.   Motions to dismiss appeals are, under our rules, submitted on briefs.

In this case we set aside the rule so as to afford the appellant greater opportunity to be heard on the motion and assigned the motion for oral argument, and, in addition, allowed him ample delays for filing briefs which he subsequently filed.   He has had therefore not only all that the rules of Court accord him, but much more.   He is entitled to nothing further.

2nd.   That if the bond is for a less sum then is sufficient to maintain the appeal as suspensive, but is for a sum sufficient to

252

cover all reasonable costs the appeal will be maintained as devolutive". This is not the law.

The rule of law is this: If the appeal bond is too small for a suspensive appeal, *but it is for the amount fixed by the Judge* in his order of appeal, the appeal will then be maintained as devolutive 1 R. 324; 3 R 63; 9 R 185; 10 A. 318; 11 A. 687; 31 A. 500; 35 A. 128; 26 A. 530; 19 A. 507; 21 A. 597; 26 A. 208; 21 A. 597; 20 A. 340; 32 A. 304; 34 A. 122; 49 A. 360; 50 A. 737; 51 A. 468.

In the instant case *the amount was not fixed by the Judge*.

3rd. That subsequent to the motion to dismiss, appellant moved for and obtained an order permitting him to appeal devolutively from the judgment, and in accordance with that new order he filed a bond for a devolutive appeal and lodged the appeal here and that as a consequence thereof the cause stands as if the order fixing the amount of the bond has been originally obtained and is therefore to fall under the operation of the rule that an appeal is to be maintained when the bond is for the amount fixed by the judge, notwithstanding it is insufficient to maintain the appeal as suspensive."

The subsequent appeal can have no retroactive effect and cannot cure defects which existed in the former appeal. The first appeal is defective for want of an appeal bond; or what is the same thing for want of a bond sufficient in amount to maintain the appeal as suspensive; and for *no amount fixed by the Judge* so as to maintain it as devolutive.

We therefore adhere to our former opinion and decree.

That there may be no misunderstanding however, as to the scope and effect of the dismissal of the suspensive appeal, we will state that the decree is in no manner to affect or to apply to the appeal subsequently taken to the one with which we are now dealing.

It is therefore ordered adjudged and decreed that our former opinion and decree remain undisturbed and that the suspensive appeal herein taken on the 11th day of May 1904, be and the same is hereby dismissed.

June 18th, 1904.