RAFFERTY *vs.* CLARK.

· *In the matter of the Estate of* PATRICK RAFFERTY, *deceased.*

A DEVISE of " all the rest and residue" of the testator's real and personal estate, " not hereinbefore disposed of," after the payment of debts:—Held, under the circumstances, to render the legacies previously given by the will a charge upon the real estate, the personalty being insufficient.

S. C. SPENCER, *for Legatee.*
E. M. WILLET, *for Executrix.*

THE SURROGATE. The testator in the first clause of his will provided as follows : " It is my will, that all my just debts shall be paid as soon after my decease as may be consistent with the interests of my estate, provided, however, that my two lots in the city of New-York, &c., which are under mortgage, shall not be sold unless it be absolutely necessary ; as the mortgage debts are sufficiently secured, and it will be for the advantage of my estate and those interested therein, that these incumbrances should be gradually liquidated by the rents accruing from the property." The will then gave legacies of one hundred dollars each to the half-brother, uncle and aunt of the testator, and the residue was disposed of in the seventh clause,

in these words, "I give, devise and bequeath, all the rest and residue of my estate, real and personal, not hereinbefore disposed of, after the payment of my funeral expenses and all my just debts, or adequate provision for the payment of the same shall have been made, to the persons and in the proportions hereinafter mentioned, that is to say, one half part to my beloved wife, Martha, &c., &c., and I hereby empower my executors to sell my real estate."

There being a deficiency of personal estate to pay the legacies, it is urged that they constitute a charge upon the proceeds of the sale of the real estate, a part of which has been sold by the executors under the power contained in the will. This question is to be determined from the contents of the will, parol evidence of intention being inadmissible. (*Lupton* vs. *Lupton*, 2 *J. C. R.*, 623.) There are few points which have been more agitated from an early period, than that of charging the real estate with debts and legacies. Independent of statutory provisions, I think the present will contains enough to charge the real estate by implication, at Common Law, with the payment of the testator's debts. The debts are directed to be paid in the first place, as soon after the testator's death as may be convenient, provided that his real estate be not sold, unless it shall become absolutely necessary; and then, subsequently, the rest and residue of the estate, real and personal, is devised and bequeathed, after the payment of debts, and the executors are clothed with a power of sale. (*Harris* vs. *Ingledew*, 3 *P. W.*, 91; *Kentish* vs. *Kentish*, 3 *B. C. R.*, 257, *note;* *Shallcross* vs. *Finden*, 3 *Vesey*, 739; *Williams* vs. *Chitty*, 3 *Vesey*, 545; *Clifford* vs. *Lewis*, 6 *Madd.*, 33; *Graves* vs. *Graves*, 8 *Simon*, 55; 2 *Russ. & My.*, 581; *Ball* vs. *Harris*, 8 *Simon*, 485; 1 *Dru. & W.*, 430; 1 *You. & Col.*, *N. C.*, 290; 2 *My. & K.*, 607.) As the personal estate was the primary fund for the payment of the debts and legacies, and the testator appears to have contemplated and charged the payment of his debts out of and upon his real estate, it renders the ground for a simi-

lar implication in regard to the legacies much stronger. In *Hassel* vs. *Hassel*, 2 *Dick.*, 527, a gift of the residue of real and personal estate, " *not hereinbefore disposed of,*" was held to charge the legacies previously bequeathed, on the real estate. In *Brudenell* vs. *Boughton*, 2 *Atk.*, 268, the same was intimated by Lord Hardwicke to be the effect of a simple gift of the *residue.* In *Bench* vs. *Biles*, 4 *Madd.*, 187, a devise and bequest of all the *rest, residue and remainder* of the real and personal estate, was decided to create a charge of the legacies on the real estate,—and the same point was also adjudged in *Cole* vs. *Turner*, 4 *Russ.*, 376, and *Mirehouse* vs. *Scaife*, 2 *My. & C.*, 695. (See 10 *Simons*, 393 ; 3 *Russ.*, 343 ; *Story's Eq.*, § 1246, &c. ; 7 *Paige*, 421 ; 1 *Penns.*, 96 ; 2 *Binney*, 525 ; 6 *Id.*, 395 ; 2 *Dall.*, 131 ; 9 *Beav.*, 150.) In the present case, the testator devises the *residue* of his estate, real and personal, " *not hereinbefore disposed of,*" " after" the payment of his debts. The debts being thus expressly mentioned in the residuary clause, it is manifest the words, " all the rest and residue of my estate, real and personal, *not hereinbefore disposed of,*" refer to other previous dispositions. The whole estate, real and personal, is here thrown and blended into one fund ; the term residue applies as much to the real as to the personal estate, and unless the legacies be considered as intended to be charged on the real estate, there is no previous disposition of the real estate. These expressions, taken in connection with the power of sale to the executors, the apparent expectation of the testator that his debts would have to be paid out of his realty, and consequently, that the legacies, if paid, must be realized out of the same fund, incline me to the conclusion, that it was his intention to charge the legacies on the real estate. This result is sustained by some of the cases I have cited, and though the question submitted to me is not free from doubt, yet, under all the circumstances, I am of opinion that the devise of the *residue* of the real estate, was designed to pass the realty subject to the pay-

ment of the legacies. The largest devisee is named exe-
cutrix with other executors in the will, the legacies are
given to relatives of the testator, and not to strangers ; and
there is no circumstance wanting to incline the Court in
favor of sustaining the charge against the realty, provided
it can be done in harmony with established principles.
My first impressions were against the legatees, but an ex-
amination of the cases has convinced me, that the will con-
tains sufficient indications of the testator's intention, accord-
ing to settled rules of construction, to impose the burden
of the payment of the legacies upon the devisees of the re-
sidue of the real estate.