19  137
46  343

## DEY *vs.* DEY'S ADMINISTRATOR.

1. Where the real and personal estate of the testator have been blended in one common fund, and the personalty is insufficient to pay his debts, and the words "not herein otherwise disposed of," are added to the residuary clause, legacies will be charged upon the real estate.

2. In determining whether a legacy is chargeable upon the real estate, the court will consider the circumstances of the testator, and the nature and amount of his property.

3. A legacy to a widow, evidently intended by the testator to be paid to her before the proceeds of his property should be invested (in accordance with the directions of the will,) for her use, will not be abated in case of a deficiency, in favor of legacies not payable till two years after the death of the widow.

M *

This cause was brought to final hearing on bill and answer.

Mr. *H. V. Speer*, for complainant.

Mr. *J. Wilson*, for defendant.

THE CHANCELLOR.

The complainant seeks to have a legacy of $1000, given to her by the will of her late husband Gilbert L. Dey, declared a charge on the real estate of the testator, and paid out of the proceeds of the sale of it. The defendant John B. Wykoff, had been appointed administrator, with the will of the testator annexed, by the Orphans Court of the county of Middlesex, which had removed the executors named in the will. The will, after directing the payment of debts, devised six acres of land to John A. Applegate, and bequeathed $1000 to the complainant. It next gave, for life, " the use of all the residue and remainder of all testator's estate, both real and personal." It then authorized and directed the executors to sell all the testator's real and personal property, to invest the proceeds, and pay the interest to his widow during life. It then directs, " after my said estate has been converted into money, I dispose of the same as follows," and orders legacies to the amount of $1200 to be paid to different legatees, within two years after the death of his wife.

The will then provides, " all the residue and remainder of my estate, of every kind and description, not herein otherwise disposed of, I give and bequeath to my nephew, Lewis R. Dey, son of my brother, Lewis W. Dey."

The amount of the personal estate of the testator was less than $700, his debts exceeded $1800, and it is doubtful if the proceeds of the real and personal estate, after the payment of the debts and expenses of administration, will be sufficient to pay the legacy of $1000, and the other legacies of $1200.

The first question is, whether the legacy of $1000 to the

complainant is a charge on the real estate, and is entitled to be paid out of the proceeds.

Legacies are not payable out of real estate, or the proceeds of it, unless charged upon it by the will, either expressly or by implication.

It has been held in several cases in the English Court of Chancery, that a gift of all the *residue and remainder* of real and personal estate in a will that has given pecuniary legacies, charges such legacies on the real estate, and authorizes the executors to sell it for that purpose. *Hassel* v. *Hassel*, 2 *Dick.* 527; *Newman* v. *Johnson*, 1 *Vern.* 45; *Trott* v. *Vernon*, 2 *Vern.* 708; *Cole* v. *Turner*, 4 *Russ.* 376; *Mirehouse* v. *Scaife*, 2 *Mylne & Cr.* 695; *Bench* v. *Biles*, 4 *Madd.* 187; *Brudenell* v. *Boughton*, 2 *Atk.* 268.

There are other cases in the same courts, in which it has been held that a mere gift of the residue of the real and personal estate, after giving legacies, will not make the legacies a charge upon the real estate. *Davis* v. *Gardiner*, 1 *P. W.* 187; *Keeling* v. *Brown*, 5 *Ves.* 358.

Chancellor Kent, in *Lupton* v. *Lupton*, 2 *Johns. C. R.* 614, held that such devise did not charge legacies upon real estate.

In *Rafferty* v. *Clark*, 1 *Bradf.* 473, where the real and personal estate were blended in one fund, and the words *not herein before disposed of* were added, these words were held sufficient to charge the land with legacies.

In this court, in the case of *Van Winkle* v. *Van Houten*, 2 *Green's C. R.* 172, Chancellor Vroom held that a general residuary clause alone, was not full evidence of the testator's intention to charge the legacies on the land, but that it was some evidence, and in connection with some other circumstances in the will, and extrinsic to it, he decided it sufficient to charge the lands. In *Paxson* v. *Potts' Adm'rs, Ibid.* 313, the same Chancellor held a general gift to testator's two sons of all his real and personal estate, except the portions mentioned in the second and third items of the will, which had given pecuniary and specific legacies and devised real estate, was not sufficient to charge the real estate with the legacies,

although the two sons were executors in the will. He held that the blending of the real and personal estate in the residuary gift was not sufficient, and distinguished this from cases in which the real and personal estate had been blended into one fund for other purposes of the will.

The decision in. *White* v. *Olden's Ex'rs*, 3 *Green's C. R.* 343, and 1 *Halst. C. R.* 629, has no application to the present case. In that case the question did not depend upon a devise of the residue. In *Snyder* v. *Warbasse*, 3 *Stockt.* 463, the will, after giving a legacy of $1500 to testator's wife, and some other provisions for her and the support of testator's father, directed " that at the death of his father, all the real and personal estate should be sold, *and after satisfying and discharging all charges and lawful claims upon the same*, the net balance to be disposed of as follows." Chancellor Williamson held that this disposition, connected with the blending of the proceeds of the real and personal estate in one common fund, clearly charged the real estate with the legacy to the wife.

In *Leigh* v. *Savidge*, 1 *McCarter* 124, the testator gave his wife $2000, and also his homestead for life, and gave other legacies amounting to $4150, and directed that at the death of his wife, the homestead should be sold and the money divided between four legatees named. He nominated executors, " investing them with all power necessary to execute that ample trust." The personal estate was insufficient to pay the legacies. Chancellor Green held, upon cases referred to by him, that it was the settled rule in this state, that the circumstances of the testator, and the nature and amount of his property, might be taken into consideration, to arrive at his intention ; and from the insufficiency of the personal estate, and the peculiar grant of power to the executors, he charged the real estate with the legacies,

In the will before me, I think there could be no hesitation, if untrammeled by technical rules, in concluding that the testator intended the. legacy of $1000 to his wife to be paid out of any part of his estate before the residuary legatees should receive anything. The rule established in some of

the early English cases, that a gift of the residue of all his real and personal estate, thus blending them together, would charge the real estate with legacies if the personal was not sufficient, was a simple rule, and would in most cases have given effect to the intention of the testator. As modified by the decisions in New Jersey, and some of the English decisions, such bequest is some evidence of the intent to charge real estate, and slight indications of that intent in other parts of the will, are sufficient to make it a charge.

In this case, the addition of the words " not herein otherwise disposed of," to the residuary clause, show clearly and expressly, as the two estates were blended in one fund, that legacies must be first paid out of that fund. The fact, too, that the personal property was not sufficient to pay debts, shows that the testator intended both classes of legacies to be paid out of his estate, which he had blended in one common fund, not only for disposing of the residue, but for the support of his wife. The pecuniary legacies must be declared a lien upon the proceeds of the real estate, and must be paid out of them before distributed to the residuary legatees.

As to the abatement of the legacy to the complainant in case of deficiency: It is clear from the whole frame of the will, that the testator intended that this should be set aside and paid to her before the proceeds of his property were invested for her use. The direction that the whole of the proceeds of the sale shall be invested, would require the part needed to pay debts to be included. This shows that the direction was not worded as the testator intended. And the same reading will except the part required to pay the legacy of $1000; and the disposition to the other legatees of the estate so converted into money two years after the death of his wife, shows that he only intended this as a disposition of the part so invested for the life of his wife, or retained by her during life.

The complainant will be entitled to her legacy of $1000, in full, if there shall be sufficient assets after payment of debts, without abatement for the other legacies.