READ *et al.* v. CATHER'S ADM'R *et al.*

Decided July 1, 1881.

1. C. died in 1865, leaving the following will: "I, Thomas Cather, of the county of Taylor, and State of West Virginia, do therefore make, ordain, publish and declare this to be my last will and testament—that is to say : *First.* After all my lawful debts are paid, the remainder or residue of my estate, real and personal, I give, bequeath and dispose of as follows, to wit : To my wife, Barbara, her interest and support upon the home-farm. To my daughter Emily Read, two thousand dollars, to be paid in four equal annual payments, the first payment fifteen months after my decease;

and to my grandson, Guy R. C. Read, one thousand dollars, to be paid in two equal annual payments, the first within one year after Emily's last payment is due. To my son, Flavius Josephus, all the land I own on the north side of a line (the R. Lowe land of 22 acres included) running from a white oak corner to lands of Moses Hustead, standing near to and south of the site of an old still-house, known as Francis Coplin's, running thence south eighty-seven (87) east sixty (60) poles to a white oak; thence north fifty (50) east thirty-six (36) poles to F. Coplin's corner; thence north with said Coplin's lines 2.25 or 30 a. To my son, Fabricius Augustus, all the residue of my lands in Taylor and Upshur counties. My personal property to be equally divided between my three children, Emily, Flavius J. and Fabricius Augustus, or their heirs, &c. I likewise make, constitute and appoint my son, Fabricius Augustus, to be executor of this, my last will and testament, hereby revoking all former wills."

HELD: The legacies in favor of Emily Read and Guy R. C. Read are not charges upon the land devised to Fabricius Augustus Cather.

2. Whether legacies are a charge upon real estate devised is a question of intention upon the part of the testator.

3. Where the testator gives legacies without directing who shall pay the same, or out of what fund they shall be paid, the personal estate being the primary fund for the payment of legacies, the legal presumption is, that he intended they should be paid out of his personal estate only, and if that is not sufficient the legacies fail.

4. Even where the testator uses introductory words, which would raise by implication a charge upon the real estate, that implication is rebutted where he disposes of his personal estate in the form of a residue after the gift of legacies.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Taylor, rendered on the 10th day of September, 1878, in a cause in said court then pending, wherein John B. Read and others were plaintiffs and Thomas Cather's administrator and others were defendants, allowed upon the petition of the plaintiffs.

Hon. A. B. Fleming, judge of the second judicial circuit, rendered the decree appealed from.

The facts of the case appear in the opinion of the court.

*N. Goff, Jr., and Edwin Maxwell,* for appellants.

Counsel for appellants insist that it was error in the court below not to charge the legacies in favor of the appellants upon the land claims of Fabricius Augustus Cather under the devise to him of "all the residue of Thomas Cather's lands in Taylor and Upshur counties," because he could only take un-

der the devise what remained after payment of debts and lega-
cies, as he was the executor of the will. *Cole* v. *Turner*, 4
Russell 376; *Morehouse* v. *Scaife*, 2 Mylne & Craig 695;
*Downman* v. *Rust*, 6 Rand 587. The purchaser, Burnside,
takes the land with constructive notice of the equitable lien of
the legatees thereon for their legacies. *Harris* v. *Fly*, 7 Paige
427, 482; *Downman* v. *Rust*, 6 Rand 587.

*Martin & Woods*, for appellee, James Burnsides, Jr.

This appellee insists that the court below did not err in its
decision, for the following reasons:

*First*—The will of Thomas Cather contains no residuary
bequests or devises; all are specific—the devise of lands to
Fabricius A. Cather is specific—the words of the testator
being, "All the residue of my *lands* in Taylor and Upshur
counties." Lands specifically devised are not liable to be
sold for the payment of specific legacies. 1 Redfield on Wills,
pp. 279 and 280, § 18 and note 19.

*Second*—Personal estate is the primary fund for the pay-
ment of debts and legacies. If the testator, therefore, gives
a legacy without specifying who shall pay it, or out of what
fund it shall be paid, as in the case at bar, the legal presump-
tion is, it should be paid out of the personal estate only; and
if that is not sufficient the legacy fails. 7 Paige's Chy. 425.

*Third*—Every devise of real estate is regarded as specific.
2 Redfield on Wills, p. 870, § 20.

*Fourth*—Real estate specifically devised is not liable to
make up any deficiency in the personalty for the payment of
legacies. 7 Peck 561.

*Fifth*—This appellee is a purchaser of land from the devi-
see thereof. And a legacy cannot be held to be a charge upon
lands so as to bind them in the hands of a purchaser from the
devisee, unless it appear by *direct expression* or *plain implica-
tion*, that it was the intention of the testator to charge the
land. 1 Redfield on Wills, p. 279 and last clause of § 18. This
does not so appear from the will in question.

*Sixth*—The cases cited by the counsel for appellants do not
sustain their position, or at least are not in conflict with the
proposition, that the appellants' money-legacies are not charg-
able on this appellee's land. The case of *Cole* v. *Turner*, 4

Russell 376, is a case where the testator made certain specific bequests of moneyed-legacies, charges, etc., and then said: "All the rest, residue and remainder of my estate I give" etc. Of course, under such language these legacies would be a charge upon the realty. It was only the residue of the estate that was given away, etc. The case of *Morehouse* v. *Scaife* 14 Eng. Chy. R. 696, is about the same as preceding case—the testator gives the residue of his estate real and personal to residuary legatee and a money legacy would be chargeable upon land, the residuary legatee being entitled only to the residue of the estate. In both the above cases those who took the residue were residuary *legatees* and took only a residue of estate, real and personal. In the case at bar Fabricius A. Cather is not a residuary legatee and no residue of estate is given to him. He is given the *residue of the land.* The case of *Harris* v. *Fly*, 7 Paige 421, is to same effect, (see *ante.*) as to language used, and devisee of the land was directed to pay the debt, and the case turns upon that fact.

PATTON JUDGE, announced the opinion of the court.

Thomas Cather died 1865 leaving a will, which is as follows to wit :

"I, Thomas Cather, of the county of Taylor, and State of West Virginia, do therefore make, ordain, publish and declare this to be my last will and testament—that is to say :

*First.* After all my lawful debts are paid, the remainder or residue of my estate, real and personal, I give, bequeath and dispose of as follows, to wit : To my wife, Barbara, her interest and support upon the home-farm. To my daughter, Emily Read, two thousand dollars, to be paid in four equal annual payments, the first payment fifteen mouths after my decease ; and to my grandson, Guy R. C. Read, one thousand dollars, to be paid in two equal annual payments, the first within one year after Emily's last payment is due. To my son, Flavius Josephus, all the land I own on the north side of a line (the R. Lowe land of twenty two acres included) running from a white oak corner to lands of Moses Hustead, standing near to and south of the site of an old still-house, known as Francis Coplin's, running thence south eighty seven (87) east sixty (60) poles to a white oak ; thence north fifty (50) east thirty six

(36) poles to F. Coplin's corner ; thence north with said Coplin's lines 2.25 or 30 a.   To my son, Fabricius Augustus, all the residue of my lands in Taylor and Upshur counties.   My personal property to be equally divided between my three children, Emily, Flavius J. and Fabricius Augustus, or their heirs, &c.   I likewise make, constitute and appoint my son, Fabricius Augustus, to be executor of this my last will and testament, hereby revoking all former wills."

Emily Read and her husband, and Guy R. C. Read, brought suit in the circuit court of Taylor county, against F. A. Cather, as executor and in his own right, and A. J. McDonald and James Burnsides jr., who were purchasers from F. A. Cather of the land devised to him in said will, alleging an insufficiency of assets to pay the debts and legacies, and seeking to charge the real estate in the hands of the purchasers, McDonald and Burnsides, with the payment of the legacies.   The court below dismissed complainants' bill ; and they have appealed to this Court.

The only question, which arises upon the record, is, whether the lands devised to F. A. Cather in said will are charged with the payment of the legacies to Emily Read and Guy R. C. Read.

Whether a legacy is a charge upon the real estate devised in a will is a question of intention upon the part of the testator.   According to the English rule that intention is to be derived exclusively from the provisions of the will ; and parol evidence is inadmissible to aid in ascertaining that intention. 1 Rop. Leg. 451 (576, 4 ed.) ; Parker v. Fearnley, 2 Sim. and Stu. 592.   In Virginia the rule is not so strict ; and parol evidence is admissible.   Downman v. Rust, 6 Rand. 587 ; Clark v. Buck, 1 Leigh 490; Trent v. Trent's ex'r, Gilm. 174. Chancellor Kent thus states the law: that the real estate will not be charged with the payment of legacies, unless the intention of the testator to that effect is expressly declared, or clearly to be inferred from the language and disposition of the will; and that it was not sufficient, that debts or legacies are directed to be paid, that alone does not create the charge ; but they must be directed to be first or previously paid, or the devise declared to be made after they are paid.   Lupton v. Lupton. 2 Johns. Chy. 614.

Whether parol evidence is or ordinarialy admissible or not, in this case none is offered ; and the intention of the testator is to be derived from the terms of the will itself. There is no express charge of the real estate with the payment of legacies, and the only question is : Does a charge upon the real estate arise by implication ? What words are sufficient to create a charge by implication has been the subject of much discussion in the adjudicated cases. It has been held, that where the land is devised "after debts and legacies paid" and "I I will and devise that all my debts *legacies* and funeral expenses shall be paid and satisfied in the first place ; Item, I give and devise" &c. are sufficient words to create a charge upon the realty ; (1 Rop. Leg. 672-3), also where a testator gives the residue of his estate real and personal " not herein before disposed of " and " all the rest residue and remainder of his real and personal estate," and " all the rest and residue of his goods and chattels and estate." 2 Lomax Ex'ors 167, (87.)

The counsel for appellants have cited only three cases in support of the position, that by the will of Thomas Cather the land is charged by implication with the payment of the legacies, viz: *Cole* v. *Turner,* 4 Russ. 376 ; *Morehouse* v. *Scaife,* 2 Myl. & Cr. 695, and *Downman* v. *Rust,* 6 Rand. 587. In the first of those cases after a gift of legacies the testator devised "all the rest residue and remainder of his freehold, copy-hold and lease-hold estates ;" in the second the testator devised "all the rest and residue of his estate, both real and personal ;" and in the third the testator devised "all the rest of her estate real and personal in fee simple."

In the present case it is not pretended, that there are any words indicative of an intention on the part of Thomas Cather to charge the real estate by implication except the words : "To my son Fabricius Augustus all the residue of my lands in Taylor and Upshur counties." This is a specific devise of those lands to Fabricius Augustus. The testator had just before made a specific devise of lands to another son, which he particularly identifies by detailing how the line is to be run, and then gives the residue of his land in Taylor and Upshur counties to this devisee. It was not a devise of the residue of his estate real and personal, but only the residue of his land in those two counties, after a portion of it had been devised to

another son.   The fact, that the devisee was also the executor, is relied upon by counsel as evidence of an intent to charge the real estate.   Formerly it was held to be a material element in arriving at the intention, that the executor was also the devisee, and was directed to pay the legacies as executor, or to see the will performed; but it is now held, that where a testatrix directed her legacies to be paid by her executor, to whom she afterwards devised all her real estate, and the residue of her personal estate after payment of debts and funeral expenses, that the legacies were not charged on the real estate. *Parker* v. *Fearnley*, 2 Sim. and Stu. 592.   The Vice Chancellor says: "I cannot infer, that the legacies were to be so charged, because she has directed her legacies should be paid by her executor, for by law pecuniary legacies are to be paid by him; nor because she has made her executor the residuary legatee of her personal estate after payment of her just debts and funeral expenses without mentioning legacies, for pecuniary legacies are imposed by the law upon the residue of the personal estate after the payment of just debts and funeral expenses, and the omission of such direction in the will is immaterial, unless there be words in the will directly affecting the real estate."

Thomas Cather in his will does not direct, who is to pay the legacies, nor out of what fund they are to be paid.   In *Harris* v. *Fly*, 7 Paige Chy. 425, the Chancellor says: "The personal estate is the primary fund for the payment of debts and legacies.   If therefore a testator gives a legacy without specifying, who shall pay it, or out of what fund it shall be paid, the legal presumption is, that he intended it should be paid out of his personal estate only; and if that is not sufficient, the legacy fails."   But in this case there is a strong circumstance to show, that the testator did not intend to charge his real estate.   He first gives the legacies, then specifically devises the real estate and then says:   "My personal property to be equally divided between my three children Emily, Flavius J. and Fabricius Augustus or their heirs &c."   From this provision it is apparent, that the testator contemplated, that after the payment of debts and legacies there would be a residue of personal property, which he gives to his three children, in which event it would have been unnecessary to charge the

specified devise of the real estate with the pecuniary legacies. Even where a testator uses such terms in a part of his will, as would imply an intention on his part to charge the realty, as where he says, "as to my wordly estate I dispose of the same after legacies paid," this implication is rebutted, where it appears by a disposition of personal estate in the form of a residue, that the testator anticipated a surplus of personal estate after the payment of legacies. The link of connection between the introductory words and the devise of the real estate (which existed in the cases, where the charge was implied) is incomplete and broken, and the introductory expressions are quite consistent and satisfied by imputing to the testator the intention, that he meant his legacies to be discharged out of his personal property, and that estate only. Consequently there is no foundation for a court of equity to raise a charge upon the real estate in aid of the personal fund by implication. In such case the intention to charge the land implied from the introductory words is repelled by the contrary implication arising from the bequest of a personal residue, which the testator supposed would remain after satisfaction of the legacies. 2 P. Wms. 188; *Kightley* v. *Kightley*, 2 Ves. jr. 328; *Keeling* v. *Brown*, 5 Ves. jr. 358; *Chitty* v. *Chitty*, 3 Vesey 545.

In the will of Thomas Cather there were no such introductory expressions, as would raise a charge upon the realty by implication; and hence the disposition of the personal estate after providing for legacies makes a much stronger case to show there was no intention upon the part of the testator to charge the real estate.

I see nothing in the will of Thomas Cather to raise a charge by implication upon the real estate for the payment of the legacies; and I am therefore of opinion to affirm the decree of the court below dismissing the bill of complainants, with costs to the appellee, James Burnsides, Jr., and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.