# WHEELING.

THOMAS v. RECTOR et al.

Submitted June 11, 1883—Decided December 1, 1883.

1. Real estate is not chargeable with the payment of pecuniary legacies, unless the intention of the testator so to charge it is expressed in the will, or such intention appears by implication. (p. 35.)

2. Where it is manifest from the whole will, that it was the design of the testator, that the legacies should be paid at all events, the implication is that the residuary devisee or legatee shall only

have the remainder after satisfaction of the previous dispositions. (p. 35.)

3. When a testator after providing for the payment of several pecuniary legacies declares, that they shall be paid by his executor without designating out of what estate they shall be paid, and in his will makes no specific devise of his *real estate* or any part thereof, but places the real and personal property together in one fund in the residuary clause, he thereby manifests an intention to charge the land with the payment of the legacies, if the personal property should not be sufficient to pay the same. (p. 35.)

The facts of the case are stated in the opinion of the Court.

*Edwin Maxwell* for appellants.

*John J. Davis* for appellee.

JOHNSON, PRESIDENT:

Matilda C. Nuzum made her will, in which she provided, 1st. For the payment of her funeral expenses and then says: "I will and bequeath to Mary Rector (colored) the sum of five hundred dollars;" 2d. To Barthena Madison, a daughter of said Mary Rector, five hundred dollars; 3d. To Jane Sedgwick, another daughter of said Mary Rector, five hundred dollars; 4th. To her nephew Edward Armstrong five hundred dollars; 5th. To two sons of said Mary Rector, Edward Thomas and Robt. Rector, each two hundred and fifty dollars; then provides as follows: "The aforesaid legacies and bequests to be paid out of my *estate* by my executor hereinafter named. All the rest and residue of my *estate*, I will and devise unto my three nieces, to-wit: Dody Reynolds, wife of J. W. H. Reynolds of Texas, Josephine Amiss, wife of Robert Amiss of Wood county, West Virginia, and Dolly Catharine Armstrong, the daughter of my sister Emily Armstrong of Clarksburg, to be equally divided between them. I hereby constitute and appoint John J. Davis my executor of this my last will and testament." The executor named failed to qualify, and T. W. Harrison qualified as administrator with the will annexed.

A bill was filed by Edward Thomas to have the estate settled, and his legacy of two hundred and fifty dollars paid to

him; and if there was not sufficient personal estate, out of which it could be paid, that the real estate be sold to pay the same. The cause was referred to a commissioner, who reported, that all the personal property of the testatrix at the time of her death, as far as he could ascertain, amounted to seven hundred and seventy-one dollars and seventy-one cents, and the administrator with the will annexed had paid debts to the amount of five hundred and forty-three dollars and ninety-nine cents, and debts were still unpaid amounting to five hundred and niney-two dollars and eighty-six cents, and the only real estate, of which the testatrix died seized, was a house and lot in Clarksburg, which is in the bill alleged to be worth two thousand five hundred dollars, which allegation is not denied in the answer. Two of the residuary legatees, Josephine Amiss and Dolly C. Armstrong, answered the bill and insist that by a proper construction of the will the legacies are not chargeable on the real estate, that the three residuary legatees under said will take said house and lot unaffected by said legacies.

The court by its decree of June 6, 1881, decided that "said legacies are chargeable upon the real estate of the said decedent, and that the same is liable for the payment thereof," and recommitted the report for more specific proof of some of the debts therein reported, and ordered that the receiver of the court take charge of and rent the said house and lot, &c.

From this decree the residuary legatees, Josephine Amiss and Dolly Armstrong, appealed.

The only question presented by the appeal is: Does the will of Mrs. Nuzum charge the legacies upon the real estate? As in every case of the construction of wills the intention of the testator must control. The appellants rely upon *Gaw* v. *Huffman*, 12 Gratt. 628; *Willan* v. *Lancaster*, 3 Russell 108; *Henvell* v. *Whitaker*, *Ib.* 343; *Warren* v. *Davies*, 2 Myl. & K. 49; *Riley's Appeal*, 34 Pa. St. 291; *Mellon's Appeal*, 46 Pa. St. 165; *Swift* v. *Edson*, 5 Conn. 531; *Gridley* v. *Andrews*, 8 Conn. 1; *Leavenworth* v. *Marshall*, 19 Conn. 408; *Read* v. *Cather*, 18 W. Va. 263.

In 12 Gratt. 628, it was held, that the following words used in a will: "It is my will and desire that my just debts

be paid out of my estate by my executors hereinafter mentioned," did not make the debts chargeable on the real estate, it there was no other evidence of the intent of the testator.

In 3 Russ. 108, the language is: "In the first place I will that all my debts and funeral charges be paid and discharged by my executors hereinafter named. Then I give and bequeath unto my eldest son, Richard Willan, my estate at Shap, on condition that he make up the deficiency in the payment of the two legacies, which I have left to my younger son and daughter." Held, that the testator's debts were not charged on the estate at Shap.

In 3 Russ. 343, it was held, that where a testator directs his just debts and funeral expenses to be fully paid and satisfied by his executor therein named, it is a condition imposed upon the executor to satisfy the testator's debts and funeral expenses, as far as all the property, which he devises under the testamentary disposition, will extend, whether real or personal.

In 2 Myl. & K. 49, it was held, that where a testator directs his debts and legacies to be paid by his executors after named, all property given to the persons, who are named executors jointly, will be charged with the payment of debts and legacies.

*Riley's Appeal*, 34 Pa. St. 291, is an express decision against the appellants. There the language of the will was: "I do also give to my son, John, the sum of three hundred dollars, and to my daughters, Jane, Nancy, Lavinia, Margaret and Mary, seventy dollars to each of them, to be paid *out of my estate* in equal annual payments, within ten years after my decease, &c." It was held, that the legacies should be paid out of the real estate, the personal assets being deficient. Lowrie, C. J., said: "True it was decided in *Brookhart* v. *Small*, 7 W. & S. 229, that a legacy made payable *out of the estate* did not include the real estate; but that was because it appeared in the will that the personal estate only was meant. * * * Here the residuary estate is the personal chattels and the lands, which after the widow's death were given to William. The pecuniary legacies were made payable 'out of his estate' that is of course, out of his residuary estate; for clearly both real and personal estate are so chargeable, when both are given in fact as residue."

In *Mellon's Appeal*, 46 Pa. St., it was held, that "a legacy cannot be held a charge so as to bind lands in the hands of a purchaser or as against a mortgagee, unless it appear by direct expression or plain implication, that such was the intention of the testator, by whose will the lands claimed to have been bound passed to his devisees. The mingling of real and personal estate in a gift of a residue of property by the testator implies an intent to charge the land either by itself or in aid of the personalty with the payment of *general* pecuniary legacies; but specific legacies must be paid out of the fund, on which they are charged, if that falls they fall with it."

In *Swift* v. *Edson*, 5 Conn. 531, it was held, that where a testatrix gave certain pecuniary legacies to be paid by her executor "out of her estate," and had at the time of making her will sufficient personal property to pay such legacies, they were not charged on her real estate. Hosmer, C. J., said: "The legacies were payable out of Mrs. Kent's personal estate, which at the execution of her will was an abundant fund for this purpose, and hence she had no motive to subject her lands to an encumbrance. It is too obvious to be disputed, that the present insufficiency of the personalty has arisen from a conversion of personal into real property in a manner not anticipated by the testatrix."

In *Gridly* v. *Andrews*, 8 Conn. 1, it appeared, that the testator gave to his wife, Ruth, the sum of two hundred dollars in addition to what he was bound to give her by an agreement between them before marriage; to each of his five daughters he gave five hundred dollars in addition to such sums as he might see fit to give them before his death; and to another daughter he gave the sum of fifty dollars. These legacies to his daughters he directed to be paid on or before the expiration of one year after his death. He then gave certain lands and a debt secured by mortgage to the children of one of his daughters. The residuary clause was as follows: "And all the rest and residue of my estate, both real and personal, I give to my son, Josiah B. Andrews, to him and his heirs forever." It was held that the legacies were not a charge on the real estate. Bissell, J., said: "Was it the intent of the testator, that the legacies in question were to be

charged on his real estate? The facts found in the case go very far to show, that such could not have been his intention. At the time of making his will he had personal property more than sufficient to pay all debts and legacies. How then could he have intended to subject his real property to their payment? But admitting, as has been contended, that the facts set forth in the answer are not to be taken into consideration, and that we are to look only upon the will in giving a construction to it, there is no rule better established, none which rests on higher authority, than that pecuniary legacies are never to be charged on real estate, unless such an intention be clearly expressed by the testator." The intention certainly could be implied as well as expressed. The rule is, that pecuniary legacies will not be charged upon the realty unless the will expressly or by implication shows the intent of the testator that they should be so charged.

The case of *Read* v. *Cather* differs widely from the case before us. There the lands were specifically devised to certain of the devisees, and then the testator provided how his personal property should be disposed of, keeping the two species of property separate throughout the will. We held in that case, that even where the testator uses introductory words, which would raise by implication a charge upon the real estate, that implication is rebutted, where he disposes of his personal estate in the form of a residue after the gift of legacies. In the will before us the language is altogether different, and there is no distinction made between the real and personal property, both being included in the word "estate."

In *Lypet* v. *Carter*, 1 Ves. Sen. 499, there was a devise of £100 to a daughter, to be paid by the executor in a month after death of the widow, to whom the real estate was devised for life, and afterward to his son the executor in fee. Two trustees or overseers were appointed to see the will performed. On disposing of assets the real estate was charged with the £100.

The case of *Cox* v. *Cerkendall*, 2 Beas. 138, was much like the case here, except that the executors were the residuary legatees. The will gave and bequeathed to the wife a comfortable living during life out of the estate. Testator

next gave to one daughter four hundred dollars, and to two others two hundred dollars. And provided "all of which several legacies are to be paid out of my estate" * * * "And lastly I give all my lands and personal property, after my debts are paid, to my two sons Levi and Moses, to be equally divided between them," and appointed said two sons his executors. The court held, that when legacies are directed to be paid out of the *estate* of the testator, the real estate is charged with the legacies. So when the lands are devised to the executors, who are directed to pay the legacies.

In *Rofferty* v. *Clark*, 1 Bradf. 473, it was held, that a devise of "all the rest and residue of the testator's real and personal estate" not hereinbefore disposed of, after the payment of debts, under the circumstances rendered legacies previously given by the will a charge upon the real estate, the personalty being insufficient. The surrogate said: "The whole estate, real and personal, is here thrown and blended into one fund; the term residue applies as much to the real as to the personal estate, and unless the legacies be considered as intended to be charged on the real estate, there is no previous disposition of the real estate."

In *Gallgher's Appeal*, 48 Pa. St. 121, it was held, where a testator after giving legacies makes no specific devise of his real estate, but blends it with the personalty in the residuary clause, and gives it all to his residuary devisee, whom he makes sole executor, he thereby charges the realty with the payment of the legacies.

In *Witman* v. *Norton*, 6 Binn. 396, the testator gave a number of pecuniary legacies, without naming any fund from which they should be paid, and also gave two hundred pounds sterling to trustees as a fund to repair and and rebuild the wall of a burying ground, also provides for erecting a tomb-stone, and directed his executors "to pay out of his estate all the costs and charges" of erecting it, and concluded as follows: "As for and concerning all the rest and residue and remainder of my estate real and personal, whatsoever and wheresoever, not herein otherwise disposed of, I do give, devise and bequeath the same and every part and parcel thereof unto the corporation by the name of the Guardian of the Poor of the City of Philadelphia, the District of South-

ark and Township of the Northern Liberties, in trust, &c."
There was no particular devise of real estate either in the
will or codicil. Here it was held, Tilghman, C. J., delivering
the opinion of the court, that nothing was plainer than that
the testator intended to give only what remained after the
payment of debts and legacies. He said: "The devise of
the residue has not the semblance of a *specific devise* but shows
an intent to give everything *real and personal which remained.*"

In *Bresben's Appeal*, 70 Pa. St. 405, it was held, that the
blending of the real and personal estate in the residuary
clause of a will showed the intention of the testator to charge
the real estate with a legacy.   In *Moore* v. *Beckwith*, 14 Ohio
St. 129, a testator by his will devised a house and lot to his
wife for life in lieu of dower, and gave to her certain pecuni-
ary legacies and specific articles of personalty; gave a pecu-
niary legacy to one of his sons, gave to an infant daughter
one thousand five hundred dollars to be paid to her when
she attained her majority, the interest to be paid annually
after testator's death for her support and education, until she
arrived at her majority; there was no other provision in the
will for the daughter; he then devised all the residue of his
estate both real and personal to his sons. The personal assets
proved to be insufficient to pay the debts and legacies.   It
was held that the payment of the daughter's legacy was
properly chargeable upon the residuary real estate.

In *Knotts* v. *Bailey*, 54 Miss. 235, the will provided for a
legacy of five hundred dollars, and the will concluded: "My
wish and desire is that all the balance of my estate of any
sort whatsoever, that I may die possessed of, be divided
equally between my other children," naming them.   The
personal estate at the time of the suit had wholly disap-
peared; but there was some real estate.   The court held,
that the real estate was chargeable with the payment of the
legacy; that where a testator after making several bequests
without creating an express trust to pay them blends the per-
sonalty and realty together as one fund in the residuary
clause, he manifests an intention to charge a bequest of
money on the real estate.

Simrall, C. J., said: "There are many cases, where the
language of the will is obscure, and where the court must

explore the entire instrument to ascertain the purposes. If it is manifest, that the design was, that the legacies should be paid at all events, no matter in what part of the will it appears, then the implication is fair and just, that the residuary legatee and devisee shall only have the remainder after the satisfaction of previous dispositions. One of the safe tests that may be employed is, to discover whether the testator in disposing of his property has kept the two estates, real and personal, separate and distinct, in the sense, of giving immunities and privileges to the one over the other, or whether he has dealt with both as a fund, out of which the objects of his bounty shall receive the several dispositions which he designed for them."

In *Shulters* v. *Johnson*, 38 Barb., it appeared that a testator by his will gave to his two daughters two hundred dollars each, to one son four hundred dollars, and to another son fifty dollars, and gave and devised " all the rest, residue and remainder of his real and personal estate, goods and chattels, to his two sons J. and D. M. to be equally divided between them share and share alike." There was in the will no express charge of the legacies upon the real estate, and there was no fund created, out of which they should be paid, and no direction as to when or by whom they should be paid. Nor was there any specific devise of any portion of the real estate. The testator had real estate, but did not have personal property sufficient to pay any portion of the legacies. It was held from this will to be the intention of the testator, that the legacies should be paid out of whatever property he should have, and that only the residue after their payment should go to the residuary legatees. Davis, J., in delivering the opinion said: "It is not because the residue of the estate real and personal is blended together and disposed of as one fund, that previous legacies are charged, but because in the absence of *specific devises* the blending of the entire estate into one residue, after giving legacies, indicates an intention of the testator to give only the *residue*, which would be created, when the previous dispositions of his will should be satisfied."

In *Downman* v. *Rust*, 6 Rand. 587, it appeared, that the testatrix in her will provided, that her executor should pay

two pecuniary legacies, and gave "*all the rest of her estate real and personal in fee simple* to her brother Benjamin D. Rust," whom she appointed her executor. The court held the realty charged with the payment of the legacies. The second point of the syllabus is: "Where a single woman having but little personal property and real estate of considerable value having but one brother who would have been her heir and distributee, by her will bequeaths pecuniary legacies to two of her friends as tokens of affection, and makes the brother executor and residuary legatee, she must be considered as intending that the legacies should be paid out of the land."

We think, that upon reason as well as the weight of the foregoing authorities we can declare the following principles settled as law; and they effectually dispose of the case before us.

1. Real estate is not chargeable with the payment of pecuniary legacies, unless the intention of the testator so to charge it is expressed in the will, or such intention appears by implication.

2. Where it is manifest from the whole will, that it was the design of the testator, that the legacies should be paid at all events, the implication is, that the residuary devisee or legatee shall only have the remainder after satisfaction of the previous disposition.

3. Where a testator after providing for the payment of several pecuniary legacies, without designating out of what estate they should be paid but declares they shall be paid by his executor "out of his estate," and in his will does not make any specific devise of his *real estate* or any part thereof, but blends the real and personal property together as one fund in the residuary clause, he manifests an intention to charge the land with the payment of the legacies, if the personal property should not be sufficient to pay the same.

Applying these principles to the case before us, it clearly appears from the will of Matilda Nuzum, that she gave legacies to certain persons amounting in the aggregate to two thousand five hundred dollars; that she made no specific devise of her real property or any part thereof; that she called both her real and personal property her "estate" and directed that the several pecuniary legacies be paid "out of her es-

tate" by her executor, and then devised all the rest and resi-
due of her "estate" to her three nieces.   In this she clearly
manifested an intention to have the legacies paid " out of her
estate," first out of the personal property, if it was sufficient,
if not, then out of the real estate; but at all events they
must be paid, and the remainder, after paying her debts and
the legacies, was to go to her three nieces; and the three
nieces under this will, if there had been a surplus of the
personal property after paying the debts and legacies, would
have received it, and it it took both the personal and real
estate to pay the debts and legacies, they would take nothing
under the will.   The intention to charge her real estate with
the payment of the legacies, in the event the personal prop-
erty was insufficient for the purpose, we think is clearly im-
plied from the language used in the will.

There is no error in the decree of the circuit court and it
is therefore affirmed.

AFFIRMED.