# CHARLESTON.

C. R. CAMPBELL, TRUSTEE *v.* GASOLINE OIL & SUPPLY CO.

Submitted September 9, 1924. Decided October 21, 1924.

> MORTGAGES—*Declaration for Failure to Complete Purchase, Failing to Aver Terms and Plaintiff's Offer and Ability to Perform, Defective.*
>
> In a declaration in assumpsit for breach of an executory contract, plaintiff should by proper averment show that he himself is not in default.

Certified from Circuit Court, Ohio County.

Action by C. R. Campbell, trustee, against the Gasoline Oil & Supply Company. A demurrer to a special count in the declaration was overruled, and the question certified for review.

*Ruling reversed.*

*J. M. Ritz* and *Geo. A. Blackford,* for defendant.

MEREDITH, PRESIDENT:

The court overruled a demurrer to a special count in a declaration in assumpsit, and certified its ruling for review.

Plaintiff avers that in December, 1922, the said C. R. Campbell was the trustee under a certain deed of trust executed by the Glen-wood Oil & Gasoline Company, a corporation, which was recorded in the clerk's office of the county court of Ohio County, this State, stating the book and page where recorded, and that owing to failure of said corporation to pay the note secured thereby it became the duty of said trustee to sell the real estate and personal property covered by said trust; that after proper advertisement they were offered for sale to the highest bidder at the front door of the court house of said county, and the defendant, the Gasoline Oil & Supply Company, became the purchaser of said real estate and personal property at $6,800, and later took possession of said property, but wholly failed and refused to pay the purchase money or any part thereof; whereby it became indebted and liable to the plaintiff in the sum of $6,800; that later, to-wit, on the 14th day of June, 1923, the said trustee re-advertised the said property for sale and sold the same to one Albert J. Schmidt for $3,000; that owing to the improper conduct and default of said defendant the plaintiff has suffered great loss, by reason whereof the defendant became indebted and liable to the plaintiff in the sum of $4,000, and being so indebted it undertook and faithfully promised to pay the same to the plaintiff upon request, but although often requested, it has not paid the same or any part thereof, to the damage of plaintiff in the sum of $4,000.

We do not consider it necessary to discuss all the points raised in brief of defendant's counsel. On one point the count is defective. The terms of the first sale are not stated, whether on cash or credit. Nor is it averred that plaintiff ever offered to perform his part of the contract, or that he was ready, able and willing to do so. To complete the transaction, so as to pass title to defendant, plaintiff would be required to deliver the possession of the goods and make a transfer of the title to the real estate. It is not stated that he ever offered to do either. Whether defendant acquired possession at plaintiff's acquiescence we do not know. The count is carelessly drawn.

In order that plaintiff might maintain an action for the

breach of the contract, he must show that he was ready, able and willing to perform his part and that defendant failed to perform his. What must be proved must also be alleged. The demurrer to the special count will be sustained, and it will be so certified.

*Ruling reversed.*