# CHARLESTON.

HENRIETTA RINEHART *v.* A. B. RINEHART, EXECUTOR, *et als.*

(C. C. 329.)

Submitted January 20, 1925.   Decided January 27, 1925.

1. WILLS—*Money Legacy, to be Paid Within Year, Charge on Land Devised by Residuary Clause if Personal Property Insufficient.*

    Where a testatrix gives a pecuniary legacy to her sister to be paid to her within one year from the death of the testatrix without designating out of what part of her estate payment shall be made; and by the residuary clause wills, devises and bequeaths all the "rest and residue" of her property, "real, personal and mixed wherever situated" to two other sisters, she thereby manifests an intention to charge the real estate so bequeathed with payment of the money legacy in the event the personal property should not be sufficient to do so after payment of debts and costs of administration.   (p. 98).

    (Wills, 40 Cyc., p. 2024 )

2. SAME—*Residuary Legatee or Devisee Takes After Satisfaction of Previous Pecuniary Legacy to be Paid Out of Estate.*

    Where it is apparent that a testatrix intends that a pecuniary legacy shall be paid out of her estate, the implication is that the residuary devisee or legatee takes after the satisfaction of the previous pecuniary legacy where the residuary

clause places the real, personal and mixed property in one fund and wills, devises and bequeaths the rest and residue thereof. (p. 99).

(Wills, 40 Cyc., p. 2024.)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.)

Certified Questions from Circuit Court, Marshall County.

Suit by Henrietta Rinehart against A. B. Rinehart, executor, and others. After overruling demurrer to complainant's bill, the court certified questions raised on the demurrer.

*Ruling affirmed.*

*J. C. Simpson,* for plaintiff.

*A. E. Bryant,* for defendants.

LIVELY, PRESIDENT:

Mary Margaret McGuffie, deceased, in her last will bequeathed a legacy of $1,000.00 to Henrietta Rinehart, the complainant herein. The latter filed her bill asking that her general pecuniary legacy be decreed to be a charge upon the real estate devised by the testatrix in the residuary clause of her will to Agnes Rinehart, one of the defendants herein, and Isabel McGuffie, now deceased. She also asks for an accounting by the executor appointed in said will. A. B. Rinehart, as such executor, and Agnes Rinehart, one of the residuary beneficiaries under the will, demurred to the bill. The demurrer was overruled and the questions raised on demurrer were certified to this court.

The plaintiff in her bill alleges, in substance, that Mary Margaret McGuffie, a sister of the plaintiff, died testate, on January 22, 1920, seized of certain real estate and possessed of personal property of the appraised value of $1,602.27; that the will of the said decedent provides as follows:

"I, Mary Margaret McGuffie, of Marshall County, West Virginia, do hereby make, publish and declare this to be my last will and testament.

ITEM I.

I direct my executor, hereinafter named, to pay all of my just debts and funeral expenses.

98 W. Va.

### ITEM II.

I will and bequeath unto my sister, Elizabeth Holleran, the sum of Three Hundred Dollars ($300.00), to be paid to her by my executor, within one year after my death.

### ITEM III.

I will and bequeath unto my sister, Henrietta Rinehart, the sum of One Thousand Dollars ($1,000.00), to be paid to her, by my executor, within one year after my death.

### ITEM IV.

I will and bequeath unto Mrs. Mary Dashner, John Pitman, Archie · Pitman, William Pitman, George Pitman, Robert Pitman, Bessie Pitman and Roe Pitman the sum of Ten Dollars ($10.00), to be divided equally among them, by my executor, within one year after my death.

### ITEM V.

I will and bequeath unto my brother, Archie McGuffie, the sum of Ten Dollars ($10.00), to be paid to him, by my executor, within one year after my death.

### ITEM VI.

I will and bequeath unto my brother, James McGuffie, the sum of Ten Dollars ($10.00), to be paid to him, by my executor, within one year after my death.

### ITEM VII.

I will, devise and bequeath all the rest and residue of my property, real, personal and mixed, wherever situated, unto my two sisters, Isabel McGuffie and Agnes Rinehart, share and share alike.

### ITEM VIII.

I hereby constitute and appoint A. B.. Rinehart as the executor of this my last will and testament, he to act as such executor without compensation. I desire that the said A. B. Rinehart shall be permitted to act as such executor without giving any security.

In witness whereof, I have hereunto set my hand
and seal this 1st day of June, 1915.

MARY MARGARET McGUFFIE (Seal).''

The plaintiff further alleges that the will was duly pro-
bated and admitted to record on March 12, 1920, and that on
April 13, 1920, the said A. B. Rinehart, named as executor,
qualified as such and entered upon the discharge of his
duties; that a settlement of the executor, made on March 17,
1922, shows that there is a balance in his hands from the
personal estate of said decedent, amounting to $380.41, after
having paid the debts, funeral expenses and costs of adminis-
tration; that more than one year has elapsed since the death
of Mary Margaret McGuffie and the executor has not paid
the legacy bequeathed to plaintiff, but refuses to pay the
same, giving as a reason therefor that there is not sufficient
personal estate with which to pay it, and that he informs
plaintiff that the legacies are not charges against the real
estate of which Mary Margaret McGuffie died seized. The bill
further alleges that there is not sufficient personal estate to
pay the legacies; that Item VII provides that said legacies
shall be a charge against the real, personal and mixed prop-
erty of said decedent, and that the said Isabel McGuffie and
Agnes Rinehart are residuary legatees of said estate, after all
the debts, funeral expenses, legacies and costs of administra-
tion have been paid. The prayer is for a settlement of the
executorial accounts; enforcement of the payment of plain-
tiff's legacy against the real estate bequeathed by the residu-
ary clause, in so far as the personal estate is insufficient, and
that defendants Agnes Rinehart and the heirs of Isabel Mc-
Guffie, deceased, be enjoined from selling or encumbering
the real estate until the further order of the court.

Two of the defendants, A. B. Rinehart, Executor, and
Agnes Rinehart, filed their written demurrer to the bill, as-
signing the following grounds for cause of demurrer:

1. The bill shows, on its face, that there was no
intention on the part of the testatrix, Mary Marga-
ret McGuffie, deceased, to charge the real estate de-
vised to Isabel McGuffie and Anges Rinehart with
the legacies provided for in said will.

2.    The bill fails to show that, at the time of the execution of said will, the personal property of Mary Margaret McGuffie was insufficient to pay such legacies.

3.    Said bill is not sufficient in law.

4.    For other reasons apparent upon the face of said bill.

Plaintiff contends that by the provisions of the will the testatrix, having first provided for the payment of certain legacies, including the sum of $1,000.00 to the plaintiff, and then in "Item VII" aggregated her "real, personal and mixed" property, giving the residue to Isabel McGuffie and Agnes Rinehart, and the personal property being insufficient with which to pay the legacies, the real estate is charged with the payment of the same, citing *Bird* v. *Stout et al.,* 40 W. Va. 43, 20 S. E. 852; *Lynch* v. *Spicer et al.,* 53 W. Va. 426, 44 S. E. 255, and 28 R. C. L., page 306, Sec. 287, to support this contention.

The defendants argue that an examination of the bill and particularly paragraph 3 thereof (setting out the will of Mary Margaret McGuffie, deceased), will disclose that there was no intention on the part of said decedent to charge the real estate with the pecuniary legacies; that under the will the only fund out of which the executor could pay the legacies was that derived from the sale of the personal property; that if the testatrix had intended that said legacies should be paid at all events, or intended to make them a charge upon the realty, she would not have directed her executor to pay them, and to pay them within one year; that she must have been under the impression, at the time she made her will, that she had sufficient personal property to take care of such legacies, else she would not have limited the time within which said legacies should be paid, nor would she have directed them to be paid by her executor; that the foregoing taken together with the fact that the executor was given no control over the real estate, clearly shows testatrix did not intend that the real estate should be subjected to payment of the legacies.    Defendant further contends that real estate is not chargeable with the payment of pecuniary legacies, unless

the intention of the testator so to charge it is expressed in the will, or such intention appears by implication, citing *Hogg* v. *Browning et al.,* 47 W. Va. 22, 34 S. E. 754; *Thomas* v. *Rector,* 23 W. Va. 26; *Read* v. *Cather,* 18 W. Va. 263; and *Brill* v. *Wright,* 112 N. Y. 129, 8 A. S. R. 717. Defendant also argues that if the testatrix had enough personal property at the time of the execution of her will to satisfy the legacies given therein, she must have intended that the legacies should be paid from her personal estate alone, citing *Swift* v. *Edson,* 5 Conn. 531; *Gridley et al.,* v. *Andrews et al.,* 8 Conn. 1; *Brill* v. *Wright, supra; Morris* v. *Sickley,* 133 N. Y. 456; *Briggs* v. *Carroll,* 117 N. Y. 288; and that as it was incumbent upon plaintiff to prove that at the time of the execution of the will testatrix did not have sufficient property to satisfy said legacies, she should have alleged this fact in her bill, and that the absence of such allegation makes the bill bad on demurrer, citing *Campbell* v. *Gasoline Oil & Supply Co.* 97 W. Va. 429, 125 S. E. 159; 21 C. J. 390 and cases there cited; and *Brill* v. *Wright, supra.*

A settlement of the accounts of A. B. Rinehart as executor, made on March 17, 1922, shows that after payment of the debts of the decedent, her funeral expenses and costs of administration there remained in his hands from the personal estate of said decedent, the sum of $380.00. From the appraisement list of the testatrix's estate, it appears that Mary Margaret McGuffie died seized of 290 acres of land appraised at $10,150.00. These appear to be the only assets remaining.

It is clear that if the personal estate alone must be looked to for the payment of the various pecuniary legacies amounting to $1,330.00, they must fail.

The general rule is that the personal property is the primary and only fund for the payment of general pecuniary legacies, and if it be insufficient, the real estate can not be charged with their satisfaction unless the testator has so charged the realty either expressly or by necessary implication. 28 R. C. L., Sec. 286, page 305; 19 Am. & Eng. Ency. Law (2d ed.), page 1349; 9 Ency. Dig. of Va. & W. Va. cases, subject "Charge of legacies," page 636 and cases cited. In the instant case the intention to charge the realty with the

payment of the general pecuniary legacies is not in express terms. If that intention existed it can only be arrived at by inference.

Do the pecuniary legacies constitute by implication a charge upon the real estate devised in the residuary clause? That is the controlling question. There are a number of decisions stating what language in a will is sufficient from which to draw the inference that there was an intention to charge the real estate with the payment of pecuniary legacies. It would serve no useful purpose to enumerate them here. It suffices to say that the great weight of authority in this country sanctions the rule that where pecuniary legacies are given generally, and there is a gift of the residue of real and personal estate, the whole being blended in one mass, the legacies are charged upon the entire residue, both realty and personalty. 19 Am. & Eng. Ency. of Law, page 1354 and cases cited in note; Schouler on Wills, Ex'or's and Admrs. (5th Ed.) Vol. 2, page 1576, Sec. 1490a; 28 R. C. L. Sec. 287, page 306. This exception to the general rule that personal property is the primary and only fund for payment of pecuniary legacies is adopted in West Virginia. *Bird* v. *Stout*, 40 W. Va. 43, 20 S. E. 852. General pecuniary legacies being a primary charge upon the personal estate, and the personal estate being sufficient to pay them, it would be academic to inquire into the liability of the real estate for payment under any rule of construction. Should the personal estate be insufficient, then the above well-established exception applies. All of the real estate was not devised; it is the "rest and residue" thereof which goes to Isabel McGuffie and Agnes Rinehart. The testatrix having first provided for the payment of pecuniary legacies, including the sum of $1,000.00 to the plaintiff, and then in "Item VII" blended in one mass all the rest and residue of her property, real, personal and mixed, giving the rest and residue to Isabel McGuffie and Agnes Rinehart, and the personal property being insufficient to pay the legacies after payment of debts, funeral expenses and costs of administration, the real estate is charged with their payment after the exhaustion of the small amount of personal property remaining in the hands of

the executor. The necessary implication is that it was the intention of the testatrix to pay the legacies at all events. This inference is strengthened when we note the fact that two of the legatees whose legacies amounted to $1,300.00 out of a total of $1,330.00 given in legacies, and the two residuary beneficiaries, were sisters of the deceased. *Hogg* v. *Browning*, 47 W. Va. 22.

Defendants argue that as the executor was not expressly given any power to dispose of the real estate to satisfy the legacies, it was not the intention of the testatrix to charge the reality with their payment. Judge WILLIAMS in *Earle* v. *Coberly*, 65 W. Va. page 166, answers this contention where he says, "It is true that the executrix was not expressly directed to sell any land to pay debts and legacies. But it is not necessary that she should have been given such power, in order to charge the debts and legacies on the land. The law gave her a right to apply to the court to have it sold in order to carry out the purposes of the will."

The defendants further contend that as the testatrix had provided that the legacies were to be paid by her executor within one year from her death, she had evinced an intention that the legacies were not to be paid at all events. This argument is not very persuasive. "The rule of chancery, borrowed from the civil law, makes legacies payable, unless the will fixes a later date, at the expiration of one year from the testator's death; the presumption being, that such delay allows the executor reasonable time for informing himself whether the estate is ample to pay both debts and legacies." Schouler on Wills, Ex'or's and Admrs., Vol. 2 (5th ed.), Sec. 1478, page 1556. This rule is for the convenience of the executor in settling the estate. It also prevents the running of interest on the legacies until the expiration of one year. It is difficult to perceive that the mere incorporation of such a general rule in the will itself evinces an intention that the legacies were not to be paid at all events.

Defendants also contend that in arriving at the intention of the testatrix, the will should be construed as of the date of execution, and that if at that time she had sufficient personal property to pay the legacies, she must have intended

the personalty to be the primary and only fund for their payment; and that as it was an essential part of the plaintiff's case to allege and prove the absence of sufficient personal property to pay the legacies ot the time of the execution of the will, the bill was bad on demurrer because of the absence of such an allegation. We cannot agree with this view. It is true that in arriving at the intention of the testatrix the will should be construed as of the date of its execution, and that the presence or absence at that time of sufficient personal property to provide for the payment of pecuniary legacies may in some cases be a circumstance to be considered in arriving at the intent of the testator. However, in the instant case the presence of sufficient personal estate at the date of the execution of the will to pay the legacies would not in itself overcome the necessary implication that, under the provisions of the will, it was the intention of the testatrix to charge the real estate devised in the residuary clause of her will with the payment of the pecuniary legacies after the exhaustion of her personal estate.

We affirm the ruling of the lower court in overruling the demurrer to the bill.

*Ruling affirmed.*