C. L. LITAKER, Executor, v. MRS. P. F. STALLINGS et al.

(Filed 10 December, 1930.)

1. **Wills F a—In this case held: amount of specific bequest should be paid and deducted from proceeds of sale to make assets.**

　　Upon construing a will to effectuate the testator's intent, a bequest to a son of a certain sum of money and the residue, consisting of real and personal property, to a daughter: *Held*, the specific bequest to the son will be paid and deducted from the proceeds of the sale of the lands to make assets, the personalty being insufficient, so that the son may receive the amount of money specifically bequeathed to him.

2. **Wills E f—Determination of persons entitled to property upon lapse of legacy by death of legatee.**

　　Where a daughter of the testator is devised and bequeathed the residue of the estate real and personal after a bequest of a specific sum of money to a son, and the daughter predeceases her father, the legacy lapses and the intent of the testator may be ascertained by striking out the name of the daughter and inserting in lieu thereof the names of those entitled to take, whether by descent or under the will. *McGehee v. McGehee*, 189 N. C., 558, distinguished.

APPEAL by respondents from *Clement, J.*, at August Term, 1930, of CABARRUS.

Special proceedings to sell land to make assets to pay debts and charges of administration, and to pay a specific bequest of $500.

From a judgment in accordance with the prayer of the petition, the respondents appeal, assigning error.

*Hartsell & Hartsell for petitioner.*
*J. Lee Crowell and J. Lee Crowell, Jr., for respondents.*

STACY, C. J.    The case presents for construction the will of Mrs. M. M. Litaker.

Item 1 provides for the payment of debts.

"Item 2. I will and bequeath to my beloved son Chas. L. Litaker five hundred dollars.

"Item 3. I will and bequeath to my beloved daughter Louise V. Litaker all of the rest of my property both real and personal of whatsoever kind."

Item 4 names Chas. L. Litaker as executor.

The personal property is not sufficient to pay the decedent's debts and the costs of administration. Louise V. Litaker predeceased the testatrix and left no issue her surviving, hence the devise to her in Item 3 of the will lapsed. 28 R. C. L., 336; Note, 44 L. R. A. (N. S.), 814. The respondents, who are also children of the testatrix, claim the land, devised in Item 3, as tenants in common with their brother, Chas. L. Litaker.

The only question presented for decision is whether the specific bequest of $500 to Chas. L. Litaker is to be paid out of proceeds derived from a sale of the land, which it must be, if paid at all, because the personal property is not sufficient to pay the decedent's debts and the costs of administration.

Conceding that the decisions elsewhere are variant, as counsel point out in their briefs, the rule in this jurisdiction is, that when in a residuary clause land and personalty are made a mixed fund, both may be resorted to for the payment of pecuniary legacies. "This, however, is not on the footing of a charge on the land," says *Pearson, C. J.,* in *Robinson v. McIver,* 63 N. C., 645, "but on the ground that in order to ascertain what is embraced in the residuary fund, it is necessary to take out the specific legacies and then to deduct the pecuniary legacies, and only what remains is 'the rest or residue of the estate.'" *Johnson v. Farrell,* 64 N. C., 266. See *Rinehart v. Rinehart,* 98 W. Va., 93, 126 S. E., 402, reported in 42 A. L. R., 649, with full annotation.

Where a lapse is brought about by the death of the legatee or devisee, as in the instant case, the intent of the testator may be ascertained by striking out the name of such legatee or devisee and inserting in lieu thereof the names of those entitled to take, whether they come into such right by descent or under the will, for while the legacy or devise, as

such, lapses, it may nevertheless be used to discover the intent of the testator. *Robinson v. McIver, supra.* In this respect, *McGehee v. McGehee,* 189 N. C., 558, 127 S. E., 684, is distinguishable, the whole will in that case being void.

We agree with the trial court that the will reveals an intent on the part of the testatrix that the specific bequest to Chas. L. Litaker in Item 2 should be paid out of her property real or personal. *Hill v. Toms,* 87 N. C., 492.

Affirmed.